[No. 10795.    Department Two.    June 13, 1913.]

## LLEWELLYN IRON WORKS, *Appellant*, v. J. W. LITTLEFIELD et al., *Respondents*.[1]

MECHANICS' LIENS—WAIVER—TAKING PROMISSORY NOTE—PAYMENT —STATUTES—CONSTRUCTION. Under Rem. & Bal. Code, § 1143, providing that a mechanics' lien is not waived or discharged by the taking of a promissory note, unless "expressly received as payment and so specified therein," a lien for installing an elevator in a building is not waived by the taking of a promissory note, under a contract which merely provided for payment "in terms of a promissory note" and which expressly reserved a lien "until final payment."

ACTIONS—PREMATURE ACTIONS—MATURITY OF DEBT—INSTALLMENTS —BILLS AND NOTES. In an action to foreclose a lien for installments due, as evidenced by a promissory note, judgment can be rendered only for the installments due at the time of the commencement of the action, where there was no provision that failure to meet payments as they became due would cause the entire debt to mature and become at once payable.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered May 6, 1912, in favor of the defendants, after a trial on the merits before the court without a jury, in an action to foreclose a mechanics' lien. Reversed.

*Willett & Oleson*, for appellant.

*Van Dyke & Thomas*, for respondents.

MAIN, J.—The purpose of this action is to foreclose a lien for labor and materials.

On August 4, 1910, the defendants, J. W. Littlefield and wife, were the owners of lot 7, Supplemental Plat to Glenn

[1]Reported in 132 Pac. 867.

Park addition to the city of Seattle. On this day they and the plaintiff entered into a written contract, whereby it was provided that the latter should install in a building which was on the above described premises an electric auto-push button elevator for the sum of $1,765. The provisions of this contract, so far as material at this time, are two, the first of which is:

"This company [referring to the plaintiff] shall have a first and valid lien upon all machinery and apparatus furnished under the terms of this proposal until final payment shall have been made . . ."

The contract was prepared by using the plaintiff's regular printed form. Along the margin of this form, from place to place, were catch or index words indicating the subjects of the different paragraphs opposite thereto. At one place in the margin appears the following: "Terms of Payment." Opposite this, in the body of the instrument, a pen had been drawn through the regular printed provision covering the terms of payment, and there was written in the following: "In terms of promissory note dated Sept. 1, '10." Immediately after the execution of this contract, the plaintiff entered upon its performance. The promissory note which the contract referred to is as follows:

"Seattle, Wash., Sept. 1st, 1910.
"Promissory Note.

"For value received I hereby promise to pay to the Llewellyn Iron Works or order, the sum of Seventeen Hundred Sixty-five ($1,765) Dollars, payable as follows:

| | | |
|---|---|---|
| 1st payment 3 months | $300.00 | |
| 2nd payment 6 months | 300.00 | |
| 3rd payment 9 months | 200.00 | |
| 4th payment 12 months | 200.00 | |
| 5th payment 15 months | 200.00 | |
| 6th payment 18 months | 200.00 | |
| 7th payment 21 months | 200.00 | |
| 8th payment 24 months | 165.00 | $1,765.00 |

"To bear interest at the rate of six per cent. per annum, excepting first payment.          J. W. Littlefield."

On January 16, 1911, the installation of the elevator was completed. On April 6, 1911, the plaintiff filed its notice of claim of lien. Thereafter, and on the 28th day of November, 1911, the present action was begun upon the contract, seeking to foreclose the lien claimed for labor and materials for the total sum of $1,765. No reference was made in the complaint to the promissory note. The defendants, Littlefield and wife, in their answer set up the note, and claimed that the taking of the note was a waiver of the lien provided for by statute. In due time the cause was tried before the court without a jury. In the superior court it was stipulated by the respective parties that, in the event a decree of foreclosure was entered, the court should fix an allowance as an attorney's fee to the plaintiff. A personal judgment was entered against the defendants, J. W. Littlefield and wife, in the sum of $1,400, and interest, this being the total of the installments due at the time of the trial. The judgment denied a foreclosure of the lien. The plaintiff appeals.

The primary question to be determined is whether or not the appellant by accepting the promissory note thereby waived its right to a lien. This question must be determined from a consideration of the language of the statute, the terms of the promissory note, and the provisions of the contract. Rem. & Bal. Code, § 1143 (P. C. 309 § 81), provides:

"The taking of a promissory note or other evidence of indebtedness for any labor performed or material furnished for which lien is created by law, shall not discharge the lien therefor, unless expressly received as payment and so specified therein."

It will be noted that under this section of the statute the taking of a promissory note does not operate to waive the right of lien unless, first, it is expressly received as payment, and second, so specified therein. Neither of these requirements can be found in the note. There is no specification therein that it is to be received as payment. Going back to the written contract: There are two provisions thereof to

be considered.  The excerpt therefrom first above quoted expressly reserves to the plaintiff a first and valid lien upon all machinery and apparatus furnished, until final payment shall have been made.  The other provision of the contract material here is that which deals with the question of payment, and is as follows:  "In terms of a promissory note dated Sept. 1, 1910."  All the terms of the contract must be construed together and each given its proper force and meaning.  To construe the language used with reference to payment "in terms of a promissory note" to mean that the note was taken as payment and the lien provided by statute intended thereby to be waived, would be to read out of the contract as meaningless the express provision thereof which provides for the retention of a lien upon all machinery and apparatus furnished.  Construing this contract and the note in the light of the terms of the statute, it seems plain that there was not a waiver of the right of lien.  The taking of the note did not operate as payment, but by its terms the periods of credit became fixed.  The case of *Ward v. Thorndyke*, 65 Wash. 11, 117 Pac. 593, is not out of harmony with the views here expressed. It was there held that the evidence presented justified the inference that, by the terms of the original oral agreement, the note there in question was to be received as payment, which would imply a waiver of the lien.  In the present case, there is no inference from the terms of the contract that the note was received in payment.

The right to a lien claimed for materials and labor not being waived, the question then arises as to the amount for which the lien may be foreclosed in the present action.  From the facts above stated, it appears that, when the suit was instituted, four payments, totalling the sum of $1,000, were past due.  The action, however, sought to recover $1,765, the total amount of the debt.  It is argued that failure to meet the payments as they became due caused the entire debt to mature and become at once payable notwithstanding the specifications as to the times of payment, but this contention

cannot be sustained. There is no clause in the note providing that, in the event the payments are not made at the time specified, that the whole sum shall, or may at the election of the creditor, become due and payable, in the absence of which, delinquency as to certain payments does not mature the entire debt. In *Foxell v. Fletcher*, 87 N. Y. 476, it is said:·

"At the time this action was commenced, two of the monthly installments had become payable, but it does not follow that the whole debt had become due. The debt was, by the agreement and in consideration of the security given, changed from one payable immediately to one payable in monthly installments, and in the absence of a stipulation, that, on default in the payment of any of these, the whole should become due, the plaintiffs were entitled only to recover the installments due at the time of the commencement of the action. They cannot now recover more, without taking the necessary steps to enable them to bring in installments accruing since the commencement of the action."

The cause will be remanded to the superior court with direction to enter a judgment· foreclosing the lien claimed in the sum of $1,000 and interest, together with an allowance of an attorney's fee in the sum of $150. The appellant will recover its costs in this court.

CROW, C. J., ELLIS, FULLERTON, and MORRIS, JJ., concur.