[No. 12031. Department Two. January 16, 1915.]

MONDIOLI & STEWART, *Respondents*, v. AMERICAN BUILDING COMPANY, *Appellant*.[1]

APPEAL—RECORD—EVIDENCE — ABSTRACT — NECESSITY. Where no question is made upon the evidence, appellant need not bring it up on appeal or abstract it, or make any reference to it in the abstract.

APPEAL—BRIEFS—REFERENCE TO ABSTRACT. An appeal will not be dismissed for failure of the brief to refer to the abstract, where the only point made is on the findings, which are in the abstract and quoted in full in the brief.

MECHANICS' LIENS — FORECLOSURE — CONDITIONS PRECEDENT — AMOUNT DUE. In an action to foreclose a mechanics' lien, the plaintiff is not entitled to judgment until the debt is due.

INDEMNITY—CONTRACTS—AMOUNT DUE—CONDITIONS PRECEDENT— BONDS—CONSTRUCTION. Under an indemnity bond given by building contractors to the owners, conditioned to defend and save the owners harmless from the claims of the D. company and further providing that the final twenty per cent payment under the contract should be retained as additional indemnity until the obligors obtained a receipt in full from the D. company or until its claims should be outlawed, such final twenty per cent is not due until the happening of one of the conditions precedent stipulated in the bond; until which, judgment cannot be entered on the contract in favor of the contractors, if the sum unpaid is less than the twenty per cent to be retained as indemnity.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered January 17, 1914, upon findings in favor of the plaintiffs, in an action to foreclose a mechanics' lien. Reversed.

[1]Reported in 145 Pac. 577.

*Wakefield & Witherspoon* (*Harry T. Davenport*, of counsel), for appellant.

*Edwin H. Flick* and *Hamblen & Gilbert*, for respondents.

MOUNT, J.—This action was brought to foreclose a lien against certain property belonging to the American Building Company. The cause was tried upon issues made by the pleadings, and resulted in a judgment in favor of the plaintiffs and against the American Building Company for $1,928.86. The American Building Company has appealed from that judgment.

· The respondents move to dismiss the appeal for the reasons, first, that the testimony has not been brought up and has not been abstracted; second, because the abstract makes no reference to the evidence; and third, because the brief of the appellant makes no reference to the pages of the abstract. In answer to the first two grounds of this motion it is sufficient to say that the appellant makes no question upon the evidence. It relies wholly upon the findings made by the trial court. It was therefore unnecessary to bring the evidence here. The appellant has not referred to the pages of the abstract in its brief. But the findings relied upon are in the abstract and are quoted in full in the brief; and we think the cause ought not to be dismissed because the pages of the abstract are not referred to in the brief. The motion is therefore denied.

It appears from the findings of the trial court that, on the 5th day of May, 1910, the respondents and the appellant entered into a contract whereby the respondents agreed to do certain plastering upon a building being constructed by the appellant in the city of Spokane, according to plans and specifications prepared for the work. The contract provided, at article 3, as follows:

"No alterations shall be made in the work except upon written order of the architect, the amount to be paid by the

owner, or allowed by the contractors by virtue of such alterations to be stated in said order. . . ."

The contract also provides, at article 9:

"It is hereby mutually agreed between the parties hereto that the sum to be paid by the owners to the contractors for said work and materials shall be $14,710, subject to additions and deductions as hereinbefore provided, and that such sum shall be paid by the owners to the contractors in current funds, and only upon certificates of the architect as follows: Payments to be made to the amount of eighty per cent of the work done on the building every two weeks."

It seems that, before this contract was entered into, the American Building Company had some negotiations with a company known as the Architectural Decorative Company for doing the work, and there was some fear that that company might claim the contract under these negotiations. Before letting the contract in question to the respondents, the appellant required of the respondents a bond in the sum of $2,950 to the effect that they would save the appellant from any liability to the Architectural Decorative Company in case that company should make a claim against the appellant. This bond was furnished by the respondents, and recited that:

"Whereas, the principals herein, to wit, the copartners of Mondioli & Stewart, are desirous of obtaining the contract for the work mentioned on the building of the American Building Company and have agreed to indemnify and save harmless the American Building Company in the manner above mentioned;

"Now, therefore, the condition of this obligation is such that if the above bounden William Stewart and A. Mondioli, copartners doing business as Mondioli & Stewart, . . . shall defend and keep harmless and indemnify said American Building Company, its successors or assigns, from all claims, demands, liabilities or claims for damage or damages- that the said Architectural Decorative Company might have or claim against the said American Building Company, . . . then the above written bond to be void, otherwise the same to remain in full force and effect.

"It is further agreed that the American Building Company may and shall retain the final twenty per cent payment under its contract to be entered into with the principals herein, as additional indemnity against any costs, expenses or damages or claims of the Architectural Decorative Co. against the American Building Co., said twenty per cent to be retained until the principals herein shall have obtained a receipt in full of all claims and demands of the Architectural Decorative Co., or until any claims that said Architectural Decorative Co. might have shall have been outlawed by the statute of limitations."

This bond was given as a part of the contract.  The court so found.

Upon the trial of the case, the court found that this contract had been entered into between the parties; that the work upon the building had been done by the respondents; that the respondents had been paid by the appellant the full sum of the original contract price with the exception of $51, but that extras had been ordered and put into the building which amounted to $1,863.46.

The court also found as follows:

"The court further finds that at the time of the entering into the contract between plaintiffs and defendant, plaintiffs entered into a bond of indemnity whereby they agreed that they would procure from the Architectural Decorative Company a receipt and release from any and all claims which said company might have against the American Building Co., and in addition thereto as an additional indemnity, the defendant herein should retain twenty per cent of the payment under the contract entered into with the plaintiffs as a guaranty against any cost, expense, damage or claims of the Architectural Decorative Co. against the American Building Co., and until such receipt and release was obtained by the plaintiffs from the Architectural Decorative Co., or until the claim of the Architectural Decorative Co., if any it had, was outlawed by the statute of limitations."

And as conclusions of law, the court found:

"That the plaintiffs herein are entitled to judgment against the defendant for the several amounts found due, as

set out in the foregoing findings, making a total amount of
$1,928.86, but that such judgment rendered herein shall be
stayed until the plaintiffs have furnished to the defendant a
release for any claims the Architectural Decorative Company
might have as referred to in said bond, and as an indemnity
and guaranty of the plaintiffs against any costs, expenses,
damages or claims of the Architectural Decorative Company
against the defendant, American Building Co., or until such
release and receipt is obtained by the plaintiffs from said
Architectural Decorative Co., or until the claim of said
Architectural Decorative Company, if any, is outlawed by the
statute of limitations; and no interest shall be allowed on said
judgment until the terms of said bond of indemnity have been
fully complied with."

Thereupon a judgment in accordance with these conclu-
sions of law was entered by the trial court. In short, the
trial court found that the appellant was indebted to the re-
spondents in the sum of $1,928.86, but that this sum was not
due at the time the action was brought, nor at the time the
judgment was entered.

It seems too plain to admit of serious discussion that, where
a debt is not due, there is no right to a judgment. In the
case of *Llewellyn Iron Works v. Littlefield,* 74 Wash. 86,
132 Pac. 867, where an action was brought to foreclose a
lien for money not due, we held that the lien could be fore-
closed only for the payments which were past due. In that
case we said:

"The right to a lien claimed for materials and labor not
being waived, the question then arises as to the amount for
which the lien may be foreclosed in the present action. From
the facts above stated, it appears that, when the suit was in-
stituted, four payments, totaling the sum of $1,000, were
past due. The action, however, sought to recover $1,765,
the total amount of the debt. It is argued that failure to
meet the payments as they became due caused the entire debt
to mature and become at once payable, notwithstanding the
specifications as to the times of payment, but this contention
cannot be sustained. There is no clause in the note provid-
ing that, in the event the payments are not made at the time

specified, that the whole sum shall, or may at the election of
the creditor, become due and payable, in the absence of which,
delinquency as to certain payments does not mature the en-
tire debt.  In *Foxell v. Fletcher*, 87 N. Y. 476, it is said:

"'At the time this action was commenced, two of the
monthly installments had become payable, but it does not
follow that the whole debt had become due.  The debt was,
by the agreement and in consideration of the security given,
changed from one payable immediately to one payable in
monthly installments, and in the absence of a stipulation that,
on default in the payment of any of these, the whole should
become due, the plaintiffs were entitled only to recover the
installments due at the time of the commencement of the ac-
tion.  They cannot now recover more, without taking the
necessary steps to enable them to bring in installments ac-
cruing since the commencement of the action.'"

We know of no case, and certainly none is cited, to the
effect that a judgment may be had for a debt not due.  In
this case, it is plain from the findings of the trial court that,
while the defendants are indebted to the plaintiffs in the sum
of $1,928.86, yet, under the terms of their contract, this
amount was not to become due until the happening of an
event which, so far as the record shows, has not yet trans-
pired.

It is apparently claimed by the respondents that the ap-
pellant was entitled to retain twenty per cent of the original
contract price, which it did not retain, but was not entitled
to retain any part of the amount of the extras furnished; and
that the amount for extras is now due.  But we think the
contract is not susceptible of this interpretation.  As stated
above, the contract provides for alterations to be made upon
the order of the architect.  This clearly refers to extra work
to be done.  In article 9 of the contract, as quoted above, it
is stated that the sum to be paid by the owners for the work
and material shall be $14,710, "*subject to additions and de-
ductions as therein before provided.*"  This of course refers
to extras which may be added to, or which may be deducted
from, the contract price.  The twenty per cent provided for

refers to the whole work under the contract. It is conceded that, at the time this action was brought, the defendants were holding less than twenty per cent of the contract price with extras. The court properly found, therefore, under the contract, and under the conceded facts in the case, that this $1,928.86 was not due; and not being due, it follows, as a matter of course, that judgment should not have been entered therefor. This being true, there was nothing for which the court could enter a judgment. The case is like one where a building has not been completed and a party seeks to obtain a judgment for the contract price when the work has not been done. Where the parties have, by their agreement, made some act or condition precedent to payment, that act or condition must be fulfilled before the payment is due. *Boots v. Steinberg*, 100 Mich. 134, 58 N. W. 657; *Harmon v. Ashmead*, 60 Cal. 439.

We are satisfied that the trial court, upon the findings made, should have dismissed the action. The judgment is therefore reversed.

CROW, MAIN, ELLIS, and FULLERTON, JJ., concur.