[No. 20041.  Department Two.  December 20, 1926.]

INGA NUESSLER, *Appellant*, v. OSCAR A. BERGMAN *et al.,* *Respondents.*[1]

[1] ATTORNEY AND CLIENT (25)—ATTORNEY—AUTHORITY—SATISFAC-
TION OF JUDGMENT OR EXECUTION.  After oral notice to a judg-
ment debtor of plaintiff's substitution of attorneys, the debtor
cannot discharge the judgment by payments to the attorney
whose authority has been revoked, the plaintiff not consenting
thereto.

[2] EXECUTION (53)—SALE—ACTION TO SET ASIDE—GROUNDS.  Equity
will relieve from an execution sale, under a deficiency judgment
for $576.88, where the judgment had all been paid in good faith
except $52.56, although in part to one not authorized to receive
it, the defendant had no notice of the sale, and the property sold
was valuable and was bid in by plaintiff for a relatively small
sum.

Appeal from a judgment of the superior court for
King county, Douglas, J., entered December 8, 1925, in
favor of the defendants in an action to set aside an
execution sale, tried to the court.  Reversed.

*Furber & Furber,* for appellant.

*Carl J. Smith,* for respondents.

ASKREN, J.—This is an appeal from a judgment set-
ting aside an execution sale on a deficiency judgment
of certain property belonging to the defendants.

In May, 1925, the plaintiff secured judgment in the
sum of seven thousand dollars, with interest and at-
torney's fees, against the defendants, upon a note se-
cured by a mortgage on certain real estate in King
county.  On June 25, the sheriff levied on the property
covered by the mortgage and at the sale thereof on
August 1, 1925, the plaintiff bid in the property
through her attorney, H. E. Foster, for the sum of

[1]Reported in 251 Pac. 578.

$7,520.35, leaving a deficiency judgment of $552.62. Order confirming the sale was made August 17, 1925.

Prior to September 1, plaintiff substituted Furber & Furber as her attorneys. At that time, the defendants were paying rent for the premises occupied by them, and which had been sold under foreclosure to the plaintiff. Oral notice of this substitution of attorneys was given the defendants, and written notice of substitution was filed in the foreclosure proceedings on September 4, and served on defendants' attorneys in that action. It read:

"In the superior court of the state of Washington for King county. Inga Nuessler, Plaintiff, v. Oscar A. Bergman and Freda C. Bergman, his wife, Defendants. No. 180642. Notice of substitution of attorneys.

"To the Clerk of the above-entitled Court, and to Leopold M. Stern and Clarence L. Gere, attorneys for the above-named defendants:

"You and each of you will please take notice that Inga Nuessler, plaintiff above-named, has substituted Furber & Furber as her attorneys to collect the deficiency judgment remaining unsatisfied herein, and for all purposes whatsoever in the above-entitled cause.

"Dated this 4th day of September, 1925.

                                        Mrs. Inga Nuessler.

"Due service of within notice admitted by receipt of copy this .... day of September, 1925.

                    "Clarence L. Gere, Leopold M. Stern,

                              "Attorneys for defendants."

On September 10, Furber & Furber, as attorneys for plaintiff, issued a *praecipe* to the clerk of the court asking for a writ of execution upon the deficiency judgment heretofore rendered, and this was issued to the sheriff, directing a levy on the King county real estate belonging to the defendants. On the same day, levy was made thereunder, and on October 17, 1925, the

property was sold, being bid in by the plaintiff for $576.88, the amount of the deficiency judgment.

On October 30, 1925, an order confirming the sale was made. On the 4th day of November, 1925, an order was issued requiring the plaintiff to show cause why the judgment, execution and sale should not be set aside upon the ground that the deficiency judgment had been paid to plaintiff's former attorney.

The evidence of respondent showed that he had, some time in June, made an agreement with Foster that he should be permitted to pay the deficiency judgment at fifty dollars per month, and that payments were made thereon approximately as follows:

| | |
|---|---|
| June | $ 50.00 |
| July | 150.00 |
| August | 150.00 |
| September | 50.00 |
| October | 50.00 |
| November | 50.00 |

These payments amounted to five hundred dollars, leaving a balance of $52.62, which was tendered into court.

Foster also testified that payments were made substantially in the same manner, and confirmed the agreement. The appellant testified that she had no knowledge of the agreement, and had received no sums thereon. Witnesses for appellant also testified to the giving of the oral notice of substitution of attorneys on August 24, and also of demand for payment of the deficiency judgment, but without result. After hearing, the court held that five hundred dollars had been paid to Foster as attorney for appellant, and that the balance of $52.62 tendered into court was sufficient to pay the deficiency judgment in full, and set aside the execution.

[1] It is urged that the court erred in holding, as a matter of law, that payments made to appellant's first attorney, after notice of substitution, could operate as payment to appellant.

The objection is meritorious. It appears, without dispute in the evidence, that some time prior to September 1, the defendants were given oral notice of substitution. The witnesses for appellant place the date as August 24, the respondents placing it as some time before September 1. Respondent apparently chose to ignore this notice because, as he testified, it was not in writing, and he had an agreement with Foster. We think the authorities are unanimous that a payment to one attorney, after substitution of another, cannot operate as a payment to the client, for the attorney's right to represent the client and receive payments has been cancelled. The rule is stated in 6 C. J., p. 666:

"REVOCATION OF AUTHORITY. Revocation of an attorney's authority after judgment has been rendered but before payment of an assignment of the judgment will not affect the debtor paying to the attorney in good faith, relying on his authority to receive the payment, unless it appears that the debtor had notice of the revocation or was chargeable with such notice."

See, also: Thornton on Attorneys at Law (1914 ed.), vol. 1, p. 363.

It follows, therefore, that the payments made to Foster after September 1, in the sum of one hundred and fifty dollars, cannot in law be said to have been paid to appellant.

If it be assumed that appellant had knowledge of the agreement with Foster, which she denied, and had thereby consented to the payments of fifty dollars or more per month thereon, it is true in any event that the failure to pay the money due in September either to appellant or her then attorneys would sustain an

execution for at least that part of the deficiency judgment then due, to wit: $202.56. Therefore, the execution and sale was lawful, although the amount claimed to be due was greater than the amount actually due and the sale should have been made for $202.56, instead of the greater amount. 23 C. J. 407.

[2] However, we are disposed to follow the court's ruling in setting aside the sale, but on a different ground than that upon which it was placed by the trial court. The property sold was valuable property, and the amount bid for it at the sale was relatively small. The respondents had no actual notice of sale, until after confirmation when notified by appellant's attorneys. The deficiency judgment having all been paid but $52.56, although one hundred and fifty dollars of the amount was paid to one no longer authorized to receive it, and the good faith of respondent being shown, we have presented to us such a state of facts that equity should relieve the respondent from the results of the sale.

The cause will be reversed, with instructions to set aside the sale upon the payment to appellant of $202.66 and costs of execution sale.

Tolman, C. J., Parker, Mackintosh, and Bridges, JJ., concur.