[No. 36656. Department One. August 22, 1963.]

GASTON MALO et al., Respondents, v. GEORGE S. ANDERSON, Appellant.*

*Reported in 384 P. (2d) 867.

814

 

*Clarence L. Gere,* for appellant.

*Gibbon & Thoreson,* by *Donald L. Thoreson,* for respondents.

DAWSON, J.[†]—Plaintiff, Joan Malo, whom we treat as the sole plaintiff in interest, was formerly the wife of George S. Anderson, defendant, who owned realty in Seattle, at 217 Orcas Street. Plaintiff had brought $2,000 into the marital community, which was expended on the realty and its improvements. In the divorce action, the realty, subject to an existing mortgage, was awarded to defendant, and he was ordered to pay plaintiff $35 a month until the sum of $2,000 had been paid. Thereafter, and supplementally, the real estate was sold to plaintiff at execution sale, and the sale was confirmed by order of court, with no objection raised. There was no redemption, and, in due course, a sheriff's deed was issued to plaintiff as grantee. It will be noted that praecipe requested and execution was issued for $1,580, the entire unpaid balance, plus interest, whereas, in fact, monthly payments totaling only $245 had accumulated.

In the case at bar, which is of equitable cognizance, plaintiff sought a decree quieting title, and a writ for delivery of possession to her. The superior court (not the trial judge) granted her motion for a summary judgment, holding that defendant had no right, title, or interest in the property, unless right to possession. Defendant had remained in possession since the divorce, and his right to retain possession was the sole issue reserved for trial. The trial court held against defendant on this issue and granted restitution to plaintiff. Defendant appeals.

---

[†] Judge Dawson is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

In view of the nature of the case, we must interpolate appellant's assignments of error as follows: Can the summary judgment be supported on equitable grounds?

It is respondent's position that appellant's rights were foreclosed:

(1) By his failure to resist the writ of execution, sheriff's sale, and entry of order of confirmation;

(2) By the provisions of RCW 6.24.100, which provides *inter alia,*

" . . . An order confirming a sale shall be a conclusive determination of the regularity of the proceedings concerning such sale as to all persons in any other action, suit or proceeding whatever.";

(3) By the following cases holding that an order of confirmation cures all irregularities in the sale, short of jurisdictional defects: *Goshert v. Writh,* 130 Wash. 14, 226 Pac. 124; *Brady v. Ford,* 184 Wash. 467, 52 P. (2d) 319; *In re Hardison,* 28 Wn. (2d) 921, 184 P. (2d) 840.

In the abstract, we approve the force of this argument. Indeed, we add that an execution sale for an amount in excess of the judgment has been held to be an irregularity which is cured by an order of confirmation. *Otis Bros. & Co. v. Nash,* 26 Wash. 39, 66 Pac. 111; *In re Stoops' Estate,* 118 Wash. 153, 203 Pac. 22. However, when there are no intervening rights, such as a bona fide purchaser, to consider, and the original parties to a transaction have invoked the aid of a court of equity, the relief afforded will not necessarily follow technicalities, but will meet the ends of justice. In such event, RCW 6.24.100 may add no stature to a transaction, and provide neither sword nor shield to a party in equity.

"There is no question but that equity has a right to step in and prevent the enforcement of a legal right whenever such an enforcement would be inequitable. . . . " *Thisius v. Sealander,* 26 Wn. (2d) 810, 818, 175 P. (2d) 619.

Equity, having assumed jurisdiction over the subject matter and the parties, will retain exclusive jurisdiction for all purposes. *Hubbell v. Ward,* 40 Wn. (2d) 779, 246 P. (2d) 468; 1 Pomeroy's Equity Jurisprudence (5th ed.) § 232.

The pertinent facts are necessarily gleaned from affidavits, from admissions in pleadings, and from express and implied admissions of counsel in printed briefs, and during arguments before the trial court and this court, and obvious inferences which may be drawn therefrom. This course is dictated by the fact that there were no offers of proof, no testimony, and no exhibits identified or admitted during the hearing before the trial judge.

Respondent purchased the property at sheriff's sale for $1,695.97, which included the unpaid balance plus costs and interest. Appellant had no actual notice of this sale. On February 6, 1953, the property was worth approximately $6,000. On January 23, 1954, the sale was regularly confirmed. A sheriff's deed was issued on January 17, 1956. This action was commenced on March 8, 1961. In the interim, appellant remained in possession, retired the mortgage obligation, and paid all real estate taxes.

As we have seen, payments totaling $245 had accumulated at the time of the execution. While it is true that installment payments become absolute and fixed as they become payable, there is no authority for the position that payments not yet due will automatically accelerate. *Llewellyn Iron Works v. Littlefield*, 74 Wash. 86, 132 Pac. 867; *Mondioli & Stewart v. American Bldg. Co.*, 83 Wash. 584, 145 Pac. 577.

In measuring equities, it seems obvious that respondent did not come into court with clean hands. She acquired a valuable property in satisfaction of a comparatively small claim. The manner in which she did so merits no stamp of judicial approval; she circumvented the terms of the divorce decree; she utilized statutes in an unauthorized manner; and, after delivery of the sheriff's deed, it may be a fortuitous circumstance, but she did not act until after the mortgage indebtedness had been paid. Nor did she give appellant actual notice of her action, although, in absence of judicial acceleration, a reasonable person would not have anticipated premature execution sale to satisfy a claim neither payable nor impressing a lien.

2 Pomeroy's Equity Jurisprudence (5th ed.) § 385, p. 52, in discussing the maxim "he who seeks equity must do equity," states:

". . . it may be applied, in fact, in every kind of litigation and to every species of remedy. The meaning is, that whatever be the nature of the controversy between two definite parties, and whatever be the nature of the remedy demanded, the court will not confer its equitable relief upon the party seeking its interposition and aid, unless he has acknowledged and conceded, or will admit and provide for, all the equitable rights, claims, and demands justly belonging to the adversary party, and growing out of or necessarily involved in the subject-matter of the controversy. . . ."

In *Bourgeois v. Risley Real Estate Co.*, 82 N. J. Eq. 211, 214, 88 Atl. 199, a judgment creditor caused property to be sold in satisfaction of judgment. Its value was greatly in excess of the judgment. In setting aside the sale, the court said:

"To decree the lands absolute in the complainant would create a situation quite as iniquitous and oppressive and as obnoxious to a court of conscience as that arising out of the fraudulent conduct of the defendants. Satisfaction of the debt and not pillage of the debtor's estate is equity's relief. . . ."

Of similar import is *Nuessler v. Bergman*, 141 Wash. 297, 301, 251 Pac. 578, wherein this court said:

". . . The property sold was valuable property, and the amount bid for it at the sale was relatively small. The respondents had no actual notice of sale, until after confirmation when notified by appellant's attorneys. The deficiency judgment having all been paid but $52.56, although one hundred and fifty dollars of the amount was paid to one no longer authorized to receive it, and the good faith of respondent being shown, we have presented to us such a state of facts that equity should relieve the respondent from the results of the sale."

We are persuaded that the maxim, "he who seeks equity must do equity," is applicable to the case at bar. It would be unconscionable to approve respondent's conduct without the imposition of reasonable terms.

Therefore, the summary judgment is modified, and the case remanded, with directions that the amount of unpaid balance of the original $2,000 award be determined by the trial court. It is further directed that appellant be given a reasonable time, to be fixed by the court, within which to pay said unpaid balance, together with interest upon each monthly installment from and after its maturity under the divorce decree, but without the costs of execution sale. In the event appellant complies therewith, the sheriff's deed and the grant to Joan Anderson therein contained shall be set aside. If appellant fails to comply with the order of the court, and to make payments in the manner to be specified, in such event title shall be quieted in respondent and restitution shall issue.

The decree is therefore modified as herein indicated, and remanded for further proceeding consistent herewith. Appellant shall recover costs.

OTT, C. J., HILL, HUNTER, and HALE, JJ., concur.

---

December 13, 1963. Petition for rehearing denied.