[No. 39383. Department Two. May 15, 1969.]

GASTON MALO *et al., Appellants,* v. GEORGE S. ANDERSON *et al., Respondents.**

*Reported in 454 P.2d 828.

*Malcolm L. Edwards,* for appellants.

*Robert W. Callies,* for respondents.

COLE, J.†—The circumstances giving rise to this litigation began February 6, 1953, when Joan Malo obtained a decree of divorce from George Anderson. We will refer to them as the sole parties to this dispute. Since that time these parties have invoked the aid of the superior court a number of times, and this court in *Malo v. Anderson,* 62 Wn.2d 813, 384 P.2d 867 (1963), and there has been no hearing at which evidence on the matter in dispute has been taken. Absent a statement of facts, the information pertinent to this appeal must be gleaned from affidavits, pleadings, briefs, and arguments before this court.

The facts, stated as simply as possible, appear to us to be as follows. Pursuant to the original divorce decree, Anderson was ordered to pay Malo $2,000 at the rate of $35 per month. Anderson failed to make payments promptly, and on November 13, 1953, Malo obtained a writ of execution for the full unpaid balance of the debt, about $1,580, although a deficit of only $245 had accumulated, and although the decree of divorce did not provide for acceleration in the event of default. Pursuant to the writ, in 1954 the sheriff levied on the subject property belonging to Anderson and sold it to Malo for the amount of the judgment. In 1961, Malo instituted actions against Anderson to quiet title to and obtain possession of the property. The superior court, on February 16, 1962, granted Malo's motion for summary judgment, holding that Anderson had no right, title, or interest in the property unless right to possession. In a subsequent hearing on March 9, 1962, Malo was granted a writ of restitution in which Anderson was ad-

†Judge Cole is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

judged to have no right to possession of the property. Anderson appealed from this judgement.

After the 1962 judgment, but before this court rendered its decision, Malo went into possession of the property and expended over $10,000 to remove encumbrances on the property and to rebuild the house on the property to make it livable. The trial court's judgment had not been superseded pending appeal. This court in *Malo v. Anderson, supra,* exercising its equity power and relying only on affidavits, pleadings, briefs, and oral argument, modified the trial court's determination and entered the following order at 818:

> Therefore, the summary judgment is modified, and the case remanded, with directions that the amount of unpaid balance of the original $2,000 award be determined by the trial court. It is further directed that appellant [Anderson] be given a reasonable time, to be fixed by the court, within which to pay said unpaid balance, together with interest upon each monthly installment from and after its maturity under the divorce decree, but without the costs of execution sale. In the event appellant complies therewith, the sheriff's deed and the grant to Joan Anderson [now Malo] therein contained shall be set aside. If appellant fails to comply with the order of the court, and to make payments in the manner to be specified, in such event title shall be quieted in respondent and restitution shall issue.

Malo thereafter filed a petition for rehearing and for the first time asked this court to consider that she had expended money on the property while title was in her in reliance on the trial court's judgment. The petition for rehearing was denied.

Following our opinion it appears that the trial court fixed the sum owing Malo at $2,325.52, which sum was paid by Anderson's prior attorney, Clarence L. Gere, in 1965, and the court ordered the sheriff's deed to Malo be set aside. Anderson thereafter sought and was granted a writ of restitution to regain possession of the property. At the time the trial court granted this writ, Malo made a number of motions which, in effect, sought to attach conditions to the trial court's writ of restitution to allow her a lien on the

4

property for the money she had expended. The trial court refused to hear evidence on the matter and denied all such motions, and Malo has now appealed from this denial of any relief.

■■ In the first *Malo v. Anderson* decision this court recognized the rule that an order of confirmation cures all irregularities in the sheriff's sale, short of jurisdictional defects. Although appellant Malo [respondent there] had the law in her favor we said at 815:

> However, when there are no intervening rights, such as a bona fide purchaser, to consider, and the original parties to a transaction have invoked the aid of a court of equity, the relief afforded will not necessarily follow technicalities, but will meet the ends of justice. . . .
> "There is no question but that equity has a right to step in and prevent the enforcement of a legal right whenever such an enforcement would be inequitable. . . ." *Thisius v. Sealander,* 26 Wn. (2d) 810, 818, 175 P. (2d) 619.

In the discussion following we pointed out that appellant acquired a valuable piece of property in satisfaction of a comparatively small claim and did so by circumventing the terms of the divorce decree. We concluded that she lacked the "clean hands" necessary to invoke the aid of a court of equity, and therefore modified the trial court's determination as above indicated. In appellant's petition for rehearing she asked this court to consider evidence not presented to the trial court and consequently not contained in the record. This court correctly refused to pass on the factual issue raised for the first time of whether and how much money was expended by her. *Nostrand v. Little,* 58 Wn.2d 111, 120, 361 P.2d 551 (1961).

We are still dealing with the original parties to the entire series of transactions, although respondent Anderson has since been declared legally incompetent and a guardian has been appointed for him. We will therefore consider the equities of both parties and endeavor to provide the means to bring this controversy to an end.

While appellant's actions in obtaining the original judgment may not have warranted judicial approval, we cannot

say that she acted in bad faith following the 1962 judgment which granted her possession of the property. From affidavits of disinterested parties contained in the record, it appears that when appellant took possession the house on the property was uninhabitable. Relying on a valid, unsuperseded judgment of the superior court, she went into possession of the premises and made them inhabitable.

■ A supersedeas bond does not operate against a judgment but against its enforcement. The purpose of such a bond is to stay further proceedings, such as execution on a judgment, and to maintain the status quo. *Ryan v. Plath*, 18 Wn.2d 839, 140 P.2d 968 (1943). Although filing a supersedeas bond after the 1962 judgment would have had no effect on the original execution and sale in 1953, it would have prevented appellant from going into possession of the property and, of course, from improving it. If appellant's knowledge of the pending appeal prevented her from doing anything with the property, except at her own risk, the appeal itself would act as a supersedeas. No prevailing party would expend any money on property awarded in an unsuperseded judgment for fear of losing the investment. Of course there must be some limit to what a person can do with such property. As respondent contends, appellant cannot improve him out of the property.

■ Restatement of Restitution § 73, comment e at 302 (1937) states that a judgment debtor is entitled to restitution of property awarded to a judgment creditor by a judgment subsequently reversed, plus the reasonable value of its use during the interim, but diminished by expenses necessarily incurred on the property and the payment of taxes and liens. *See Stockton Theatres, Inc. v. Palermo*, 121 Cal. App. 2d 616, 264 P.2d 74 (1953). The comment distinguishes between expenses incurred for normal improvements, which are not recoverable, and those found to be necessary to the property. Of course, appellant did not have to rebuild the house on the property, but the evidence indicates that she did if she wanted to occupy the house, which she had the right to do. We are not faced with the situation in which a person builds additional structures or

unnecessarily improves existing structures on property to enhance its value while an appeal is pending.

When the 1962 judgment was reversed, respondent Anderson [appellant there] was entitled to restitution, although the order of this court did not so specifically provide. *See Malo v. Anderson, supra* at 818. After the order of this court was carried out by the superior court, respondent then brought an action for restitution, which was granted. The superior court could have heard testimony then with respect to possible conditions to the writ. It would be inequitable to allow respondent unjust enrichment for, at the very least, money spent by appellant to remove encumbrances on the property which represented respondent's debts. She paid these debts in good faith to clear title to the property. Furthermore, it appears to us that the expenditures on the house were made solely with the good faith intention of making it inhabitable. Contrary to respondent's contention, appellant was not a mere volunteer in this regard, for she acted under color of title. *See* 4 Pomeroy's Equity Jurisprudence § 1241 (5th ed. 1941). It now appears that the property has been rezoned for industrial purposes and is worth much more than it was when appellant acquired it, and similarly much more than she has expended on it. For this reason it appears that the equities of both parties can be preserved. It would be unjust to allow respondent, represented by his guardian, to reap the entire benefit of the expenditures made in good faith by appellant.

Therefore, we remand this case with instructions to the superior court to receive evidence regarding: (1) the amount of money expended by appellant to remove encumbrances from the property; (2) the enhanced value of the property due to expenditures made by appellant which were necessary to make the house inhabitable, but restricted to the period of time between the 1962 judgment and its reversal by this court; and (3) the reasonable rental value of the house with improvements during the time appellant has occupied the premises. Once these amounts have been determined, appellant Malo is to receive a lien on the property, terms to be determined by the trial

court, in an amount represented by the sum of (1) and (2), but diminished by the amount of (3). This modification does not disturb the title to the property as held by respondent in accordance with the prior decision of this court, nor does it affect any dispute between respondent's guardian and respondent's prior attorney with respect to the validity of various transfers of the property.

The judgment is remanded for further proceedings consistent with the above instructions. Neither party shall recover costs on appeal.

HUNTER, C. J., HILL, ROSELLINI, and HALE, JJ., concur.

———————

July 10, 1969. Petition for rehearing denied.

*Reported in 454 P.2d 834.