[No. 105-2. Division Two. December 21, 1970.]

WILLIAM T. MURPHREE *et al., Respondents,* v. CHESTER G. RAWLINGS *et al., Appellants.*

*Garver & Garver* and *Robt. W. Garver,* for appellants.

*James R. Gregg,* for respondents.

PETRIE, J.—This is another in a multitude of cases involving a problem all too frequently encountered in real estate

transactions—alleged misrepresentation of boundaries. In 1962, plaintiff-respondent, Murphree, responded to a newspaper advertisement for the sale of a trailer park in Skamania County by contacting the realtor and also Rawlings, the owner and appellant herein. In the course of negotiating, Rawlings walked over the trailer park property with Murphree pointing out the boundaries. They were using as a basic reference tool, a schematic location drawing, which Rawlings denominated a "survey". He indicated to Murphree that the "survey" had been done originally in 1957 and revised in 1959 by one M. C. Perkins, an engineer. After this tour, Murphree signed a contract for the purchase of this trailer park. One of the terms of this contract, paragraph No. 10, provided in part: " . . . The sellers shall furnish to the buyers a survey map and shall point out the corners as established and marked by the surveyor . . .". Thus, Perkins' "schematic drawing" survey—was surely of some importance to the parties. The transfer of this trailer park property was fully and finally accomplished without incident in June of 1962.

Any inaccuracy regarding the boundaries remained dormant until 1966 when the Murphrees sold this property to a third party. In the course of this 1966 transfer, Murphree allegedly gave this third party the same grand tour of the premises that he had received from Rawlings. This included reference to Perkins' drawing. However, the parties then became aware that the right-of-way of the Spokane, Portland and Seattle Railway Company over the property was more inclusive than had been realized. The subsequent survey obtained by Murphree indicated that the land as described in the deed given by Rawlings contained 3.82 acres less than the land as represented by Rawlings. The surveyor established the represented boundaries by relying on Murphree's recollections of Rawlings' representations and also by referring to the Perkins' drawing. This 1966 sale from the Murphrees to the third party was then completed. Subsequently, the Murphrees brought suit against the Rawlings for a proportionate return of their purchase

price in the sum of $4,500. From a judgment for the Murphrees, the Rawlings appeal.

There are basically only two assignments of error: the first involves Rawlings' representations; the second, Murphree's damages. However, our initial attention must be directed to whether this appeal is now moot.

■ The usual procedure in bringing an appeal in a case like this one is to file the notice of appeal and a bond or a sum of money to cover costs on appeal. Contemporaneously, the appellant may file a supersedeas bond to preserve the status quo between the parties. Alternatively, money in the amount of the penalty which would be designated in a bond may be deposited with the court in lieu of bond. Money so deposited may be subject to the condition that it be therein retained until the appeal is concluded. CAROA 23. But neither the supersedeas bond nor the conditioned deposit of the money is a mandatory requirement for perfecting an appeal. They are simply alternative measures which both delay the respondent's execution of judgment against the property of the appellant and also guarantee to the respondent that appellant's present ability to satisfy the judgment cannot be purposefully altered pending the outcome of the appeal. *Malo v. Anderson*, 76 Wn.2d 1, 454 P.2d 828 (1969).

■ In the present case, though the appeal was properly perfected, no supersedeas bond was filed. Consequently, the respondent proceeded to execute on the judgment. After the sheriff had levied on certain of his property, the appellant paid into court the exact amount of the judgment *without* conditioning its disbursement but expressly signifying his intention to pursue the appeal. The respondent drew this sum of money out. He claims the judgment having been satisfied, this appeal is now moot. We disagree. Respondent cites *State v. Smithrock Quarry, Inc.*, 49 Wn.2d 623, 304 P.2d 1043 (1956). However, that case was an eminent domain action by the state, subject to special statutory procedures, and involved due process considerations. For those reasons, we believe it to be inherently distinguishable

from the present case. Although the appellant herein did not file a supersedeas' bond or condition his payment so as to prevent disbursement, he did perfect his appeal and expressed his intention to continue. In such circumstances he did not waive his right to continue the appeal. His appeal is viable, not moot. *Cf. Malo v. Anderson, supra.*

 As to Rawlings' representations of the boundaries, the rule in such cases was succinctly stated in *Darnell v. Noel*, 34 Wn.2d 428, 431, 208 P.2d 1194 (1949):

> Whenever the owner of property undertakes to point out to a prospective purchaser the boundaries of the property he expects to sell, his representations are matters of fact, and not of opinion. In indicating the boundaries, he must do so accurately, and his failure so to do will amount to a false representation, even though he acted under an honest mistake, without intent to deceive.

 The trial court specifically found that Rawlings had misrepresented the northerly and easterly boundaries, that the land as misrepresented was well situated for extension of the trailer park business, and that the Murphrees justifiably relied on the misrepresentations. While the parties' versions conflicted, the court believed that Perkins' drawing supported Murphree's version. Since the court's findings are supported by substantial evidence, they will not be disturbed on appeal. *James Mfg. Co. v. Stovner*, 1 Wn. App. 27, 459 P.2d 51 (1969).

 Turning to the issue of damages, appellant contends that the award in this case was not justified because Murphree had made a profit on resale of the property. However, the fact of Murphree's resale profits is not determinative. The measure of damages applied by the court was the benefit of the bargain rule—that is, the difference between the market value of property, had it been as represented, and the market value of property as it actually was at the time of the sale. That was the proper rule to apply. *See Weinstein v. Sprecher*, 2 Wn. App. 325, 467 P.2d 890 (1970) and cases cited therein. Although there was reliable testimony that the property mistakenly represented to be within the legal boundaries was worth five or six thousand

dollars, the defendant-appellant cannot be heard to complain because the court limited the judgment to $4,500, the amount sought. The court did not err in applying the benefit of the bargain rule nor in entering judgment for the Murphrees.

Affirmed.

ARMSTRONG, C. J., and PEARSON, J., concur.