681 P.2d 746

**Curtis W. REEVE and James L. Evans, Plaintiffs-Appellants,**

v.

**Earl L. JONES and Jane Jones, husband and wife, Defendants-Appellees.**

**No. 7510.**

Court of Appeals of New Mexico.

May 1, 1984.

Nancy Augustus, Singleton Law Offices, Santa Fe, for plaintiffs-appellants.

Gordon L. Gay, Roswell, for defendants-appellees.

## OPINION

HENDLEY, Judge.

Plaintiffs sued defendants in Washington state and were awarded a money judgment. Defendants appealed that judgment but did not post a supersedeas bond. Plaintiffs brought suit on the Washington judgment in New Mexico. The court below granted plaintiffs' summary judgment motion on the basis of the Washington judgment but stayed execution, without requiring a bond, pending appeal in Washington. Plaintiffs appeal the stay of execution.

The propriety of the summary judgment is not challenged by defendants. Therefore, a valid New Mexico judgment is the premise on this appeal. *Compare Stewart v. Maxwell*, 1 N.M. 563 (1873). The only

issue is whether the trial court erred in staying the execution of that judgment pending an appeal in Washington where no supersedeas bond had been posted by defendants. We discuss full faith and credit and reverse the court's entry of stay.

Article IV, Section 1 of the United States Constitution provides that: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." The full faith and credit clause is given force in 28 U.S.C.A. Section 1738 (1979), which reads in part: "[J]udicial proceedings of any court of any such State, Territory or Possession * * * shall have the same full faith and credit in every court within the United States * * * as they have by law or usage in the courts * * * from which they are taken."

Defendants argue that the Washington judgment was given full faith and credit in New Mexico by entry of the summary judgment. Plaintiffs argue that recognition of the judgment without enforcement does not meet the full faith and credit requirement.

 Before full faith and credit need be given to a sister state's judgment, that judgment must be final. Finality is determined by the law of the first forum.

**Restatement (Second) of Conflicts of Law** § 107 (1971).

 Under Washington law, appellants must post bond in order to receive a stay of execution pending appeal. Wash.Rev.Code (1983), R.App.P. 7.2(c), 8.1(b); *Murphree v. Rawlings*, 3 Wash.App. 880, 479 P.2d 139 (1970); *Malo v. Anderson*, 76 Wash.2d 1, 454 P.2d 828 (1969). This is consistent with New Mexico law. *See Gregg v. Gardner*, 73 N.M. 347, 388 P.2d 68 (1963). Defendants' failure to post a supersedeas bond means that plaintiffs could presently execute on their judgment in Washington even though defendants have appealed. Because the judgment is presently enforceable in Washington, it is final and should

be considered final in New Mexico regardless of the appeal in Washington.

■ The Washington money judgment should be given effect to the same extent it would be given effect in Washington. *See Fehr v. McHugh*, 413 A.2d 1285 (D.C.App. 1980). *But see* **Restatement,** *supra,* § 107 comment e, § 112 comment b. For this reason, we hold that the trial court erred in staying execution of the New Mexico judgment pending the Washington appeal. This holding supports the goals of finality and national unification which underlie the full faith and credit clause. *See Thomas v. Washington Gas Light Co.*, 448 U.S. 261, 100 S.Ct. 2647, 65 L.Ed.2d 747 (1980) (White, J., concurring in judgment).

Defendants contend that the trial court had discretionary power to refuse to enforce the Washington judgment during the pendency of the appeal in Washington. We disagree. Defendants overlook the fact that this was a money judgment. The judgment being enforceable in Washington, plaintiffs had a right to have that money judgment enforced in New Mexico. *Stewart v. Maxwell; Fehr v. McHugh*, n. 3; *see* dissent of Justice Rehnquist in *Thomas v. Washington Gas Light Co.*

The trial court's order staying execution is reversed. Plaintiffs are awarded appellate costs.

IT IS SO ORDERED.

WOOD and NEAL, JJ., concur.