FILED
COURT OF APPEALS
DIVISION II

2015 JUL 21 AM 9:29

STATE OF WASHINGTON
BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| PUBLIC UTILITY COMMISSION OF OREGON, | No. 46684-8-II |
| Respondent, | |
| v. | |
| CERTAIN REAL PROPERTY in Pierce County, and the owners thereof and parties interested therein including JOSEPH YE AND JANICE LOU, husband and wife, | UNPUBLISHED OPINION |
| Appellants, | |
| STAN EFFERDING, an individual; and U.S. BANK NATIONAL ASSOCIATION, | |
| Defendants. | |

MAXA, P.J. — Joseph Ye and Janice Lou challenge the trial court's grant of summary

judgment to the Public Utility Commission of Oregon (Commission) in the Commission's action

to foreclose a judgment lien on Ye and Lou's Pierce County residence. The Commission's

judgment, which was obtained in Oregon and filed as a foreign judgment in Pierce County, was

against "VCI Company f/k/a Stan Efferding and Stanley Johnson, dba Vilaire, and VCI

Company, a Washington Corporation." Clerk's Papers (CP) at 8. Stan Efferding sold the

residence to Ye and Lou after the judgment lien was created, but the lien was not extinguished as

part of the sale.

Ye and Lou argue that the trial court erred in granting summary judgment because the Oregon judgment was entered against VCI Company, a corporation, and not against Efferding. Alternatively, they argue that there was a question of fact whether the Oregon judgment was entered against Efferding. Finally, Ye and Lou argue that the trial court, sitting in equity, should have denied summary judgment because the foreclosure of their residence would be inequitable and unconscionable.

We hold that the Oregon judgment on its face was against Efferding, and that the trial court was required to enforce the judgment under the full faith and credit clause of the United States Constitution. Further, we hold that Ye and Lou's equitable argument is an improper collateral attack on the judgment. Accordingly, we affirm the trial court's grant of summary judgment in favor of the Commission.

## FACTS

In 2003, Efferding and Johnson registered to conduct business in the State of Oregon under the name Vilaire[1] as a sole proprietorship. Later that year, the Commission granted the petition of Efferding, doing business as Vilaire, for designation as a competitive telecommunications service provider in Oregon.

In July 2004, the Commission granted Efferding's request to change the name of his company from "Stan Efferding dba Vilaire" to "VCI Company." CP at 76. Attached with Efferding's name change request was a copy of VCI Company's application for authority to

---

[1] Different Commission documents and pleadings refer to the company name as both Vilaire and Vilair. Unless quoting a document that uses Vilair, this opinion uses the name Vilaire because it is what is used in the Commission's order and it is what Efferding self-identified as the name of his business.

2

transact business in Oregon as a foreign business corporation, which was stamped as filed with the Oregon Secretary of State in December 2003. CP at 215 (declaration by Commission attorney characterizing the filed application as "a copy of a license from the Secretary of State for VCI Company" to conduct business in Oregon).

In September 2007, the Commission filed a complaint, which in the caption listed two defendants: "VCI Company f/k/a Stan Efferding and Stanley Johnson, dba Vilaire" and "VCI Company, a Washington corporation." CP at 20. The complaint alleged that the defendants improperly billed and were reimbursed $203,391.97 from June 2004 through November 2006 by the Commission for Commission customers that did not have service with the defendants. The complaint characterizes "VCI Company f/k/a Stan Efferding and Stanley Johnson, dba Vilaire" and "VCI Company . . . a foreign business corporation that was incorporated in the State of Washington . . . [and] registered to do business in the State of Oregon on December 4, 2003" as separate entities. CP at 20-21.

A default order was entered pursuant to the Commission's complaint. CP at 11. The caption of the order again listed "VCI Company f/k/a Stan Efferding and Stanley Johnson, dba Vilaire, and VCI Company, a Washington corporation" as the defendants. CP at 8. However, the order itself stated that VCI Company f/k/a/ Stan Efferding and Stanley Johnson, dba Vilaire was required to pay the Commission $203,391.97. The order did not state that VCI Company, the corporation, was required to pay anything. The parties agree that the order was not paid.

In August 2010, the circuit court in Oregon entered an order stating that the September 2007 default order had the same attributes and effect of a judgment entered in the register of the circuit court.

3

On October 8, 2010, the Commission filed the default order as a foreign judgment in Pierce County Superior Court. At the same time, the Commission filed a judgment summary listing the judgment debtors as "VCI Company f/k/a Stan Efferding and Stanley Johnson, dba Vilair, and VCI Company, a Washington Corporation." CP at 26. On October 20, the Commission recorded an abstract of judgment with the Pierce County Auditor's Office. The abstract of judgment listed as original parties to the action VCI Company (defendant), Vilaire (dba), Stan Efferding (fka), and Stanley Johnson (fka) and individually listed VCI Company, Vilaire, Stan Efferding, and Stanley Johnson as the judgment debtors.

Efferding owned real property in Pierce County. In May 2011, Efferding sold the property to Ye and Lou. At or around the time of purchase, Ye and Lou purchased a title insurance policy from Fidelity National Title covering the subject property. The entire purchase price of the sale went to Efferding, and the Commission's judgment lien remained unsatisfied.

In July 2013, the Commission filed an action to foreclose on the judgment lien on the property Efferding had sold to Ye and Lou. Ye and Lou filed a motion to dismiss, alleging that Efferding was not the judgment debtor. The trial court denied the motion. Ye and Lou then filed another motion to dismiss, arguing that the underlying judgment was defective under Oregon law because it failed to meet the statutory requirements for a judgment lien. They argued in the alternative that the court should stay the Pierce County action to allow them to reopen the case in Oregon, intervene in the proceeding, and obtain an order determining whether the order created a valid judgment lien. The trial court denied Ye's and Lou's motion to dismiss, but granted their motion to stay the Pierce County action until February 8, 2014.

4

Ye and Lou filed a motion in Oregon in December 2013 to reopen the 2010 order, intervene in the case, and clarify the effect of the 2007 and 2010 orders. They sought an order stating that neither the Commission's 2007 order nor the circuit court's 2010 order met the statutory requirements for a judgment lien. In addition, they sought an order clarifying that Efferding, as an individual, was neither a defendant nor a judgment debtor in the Oregon proceedings. In February 2014, the Oregon circuit court granted the motion to reopen, but denied the motion to intervene and denied Ye and Lou's requested relief. Ye and Lou filed a notice of appeal in Oregon.[2]

Following the Oregon circuit court ruling, the trial court lifted the stay of the Pierce County action. The Commission subsequently filed a motion for summary judgment. The Commission argued that the trial court did not have jurisdiction to vacate the judgment and only had jurisdiction to enforce the Oregon order. Ye and Lou opposed the motion, arguing that there was a question of fact regarding whether it would be inequitable and unconscionable to enforce the judgment lien against their home when Efferding was not a valid judgment debtor in the Oregon proceedings. Ye and Lou argued that the trial court should not enforce the judgment based on its equitable powers.

The trial court granted the Commission's summary judgment motion and ruled that the Commission was entitled to foreclose the judgment lien. Ye and Lou requested that the trial court certify the summary judgment as a final judgment under CR 54(b) and stay the order pending appeal. The trial court granted the motion.

---

[2] There is no evidence in the record that Ye and Lou filed to stay the execution of the Oregon judgment.

5

Ye and Lou appeal.

## ANALYSIS

A.   STANDARD OF REVIEW

We review a trial court's order granting summary judgment de novo. *Lyons v. U.S. Bank NA*, 181 Wn.2d 775, 783, 336 P.3d 1142 (2014). We review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Lakey v. Puget Sound Energy, Inc.*, 176 Wn.2d 909, 922, 296 P.3d 860 (2013).

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Loeffelholz v. Univ. of Wash.*, 175 Wn.2d 264, 271, 285 P.3d 854 (2012). A genuine issue of material fact exists where reasonable minds could differ on the facts controlling the outcome of the litigation. *Dowler v. Clover Park Sch. Dist.*, 172 Wn.2d 471, 484, 258 P.3d 676 (2011). If reasonable minds can reach only one conclusion on an issue of fact, that issue may be determined on summary judgment. *Failla v. FixtureOne Corp.*, 181 Wn.2d 642, 649, 336 P.3d 1112 (2014).

B.   IDENTITY OF JUDGMENT DEBTOR

Ye and Lou argue that the trial court erred in granting summary judgment because the Oregon order was entered against VCI Company, a corporation, and not against Efferding individually. We disagree.

1.   Terms of Order

The caption of the Oregon order named two defendants: (1) "VCI Company f/k/a Stan Efferding and Stanley Johnson, dba Vilaire" and (2) "VCI Company, a Washington corporation." CP at 8. However, the body of the order never mentions VCI Company the corporation. Instead,

6

the only reference is to "VCI Company f/k/a Stan Efferding and Stanley Johnson, dba Vilaire," who are identified as "[d]efendants." CP at 8. Further, the actual order requiring payment of $203,391.97 was issued only against "VCI Company f/k/a Stan Efferding and Stanley Johnson, dba Vilaire." CP at 11. The corporation called VCI Company was not included in the payment order. Therefore, there is no genuine issue of material fact that the Oregon order, and therefore the Washington judgment, was entered against VCI Company f/k/a Stan Efferding and not against VCI Company, the corporation.

The body of the order makes it clear that VCI Company f/k/a Stan Efferding is a sole proprietorship. Efferding doing business as Vilaire petitioned for designation as a telecommunications carrier and then changed the name of the company from "Stan Efferding dba Vilaire" to "VCI Company." CP at 8. The individual owner of a sole proprietorship is liable for the business's debts, regardless of the business's name. *Dolby v. Worthy*, 141 Wn. App. 813, 816, 173 P.3d 946 (2007) (stating that the owner of a sole proprietorship is responsible for all its debts). As a result, we hold that the Oregon order against "VCI Company f/k/a Stan Efferding," and the resulting Washington judgment, must be treated as a judgment against Efferding individually.

2.   Collateral Attack

Ye and Lou's argument essentially is that the Oregon order *should have* been entered against VCI Company the corporation. They claim that the name VCI Company only refers to the corporation and not to a sole proprietorship, that the overpayments giving rise to the order were paid to the corporation, and that the only entity subject to the commission's investigation

was the corporation. However, even if Ye and Lu's claims are true, they are irrelevant in a proceeding to enforce a foreign judgment.

Under the full faith and credit clause of the United States Constitution, a judgment rendered by one state generally is entitled to full faith and credit in every other state. U.S. CONST. art. IV, § 1; *see State v. Berry*, 141 Wn.2d 121, 127-28, 5 P.3d 658 (2000). Washington codified this constitutional provision by enacting the Uniform Enforcement of Foreign Judgments Act (UEFJA), chapter 6.36 RCW. *See Brown v. Garrett*, 175 Wn. App. 357, 366-67, 306 P.3d 1014 (2013). Under the UEFJA, creditors holding a judgment against a debtor in another jurisdiction can enforce that judgment in Washington. RCW 6.36.025; *Brown*, 175 Wn. App. at 367. A party can collaterally attack a foreign judgment only if (1) a foreign court did not have jurisdiction, or (2) the judgment violates a constitutional right, such as notice and the opportunity to be heard. *Brown*, 175 Wn. App. at 367. Absent these grounds, the terms of the judgment must be enforced. *Id.*

Here, by arguing that the Oregon order should have been entered against the corporation, Ye and Lou are attempting to collaterally attack the order. However, Washington courts are required to enforce foreign judgments as written, regardless of how they "should have been" written.

C.    EQUITY AND ENFORCEMENT OF JUDGMENT

Ye and Lou argue that the trial court erred in granting summary judgment when allowing the Commission to enforce the judgment lien would be inequitable and unconscionable. We disagree.

8

In limited situations, a party may obtain relief in equity when enforcement of a legal right would be inequitable. *See Malo v. Anderson*, 62 Wn.2d 813, 815-17, 384 P.2d 867 (1963); *Thisius v. Sealander*, 26 Wn.2d 810, 818, 175 P.2d 619 (1946). A court sitting in equity has broad discretion in shaping relief. *Sorenson v. Pyeatt*, 158 Wn.2d 523, 531, 146 P.3d 1172 (2006). We review a trial court's consideration of equitable remedies for abuse of discretion. *Id.*

Here, Ye and Lou argue that enforcement of the judgment would be inequitable because the Commission was not entitled to a judgment against Efferding individually and that the judgment should have been entered against VCI Company the corporation. But this is nothing more than a collateral attack against the judgment, which is not permitted under the full faith and credit clause and the UEFJA.

We hold that the trial court did not abuse its discretion in failing to block enforcement of the judgment on equitable grounds.

We affirm the trial court's grant of summary judgment in favor of the Commission.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, P.J.

We concur:

LEE, J.

SUTTON, J.