[No. 51619–7.   En Banc.   March 20, 1986.]

LAMPSON UNIVERSAL RIGGING, INC., *Petitioner*, v. WASHINGTON PUBLIC POWER SUPPLY SYSTEM, *Respondent*.

*Raekes, Rettig, Osborne, Forgette & O'Donnell,* by *Diehl R. Rettig* and *James E. Hurson,* for petitioner.

*Stan J. Bensussen* and *Ray R. Whitlow,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

At issue in this case is whether Washington Public Power Supply System (WPPSS) must post a supersedeas bond or other security to stay enforcement of a judgment pending appeal.

On September 13, 1984, Lampson Universal Rigging, Inc., obtained a partial summary judgment against WPPSS. The judgment awarded Lampson the principal sum of $667,807.71 and prejudgment interest of $203,525.83. WPPSS immediately filed a *notice of supersedeas* and asserted that pursuant to RCW 4.92.080, the judgment was superseded without bond pending appeal. WPPSS filed a second notice of supersedeas when the trial court denied its motion to vacate.

On September 17, 1984, Lampson moved to require WPPSS to post a supersedeas bond or other security to stay enforcement of the judgment; the trial court denied that motion. Lampson then sought review by the Court of Appeals of the trial court's denial of its motion. On February 19, 1985, a Commissioner of that court entered a ruling sustaining the trial court's denial of Lampson's motion to require WPPSS to post security pending appeal, but in the same ruling also stated that "we need not reach the question of whether WPPSS must file a supersedeas bond to stay enforcement of a judgment because no enforcement has been attempted." This language gave Lampson the

impression that the issue was not ripe for review. Lampson then attempted to enforce the judgment by making a demand upon WPPSS and by issuing a writ of garnishment. The trial court granted WPPSS' motion to quash the writ.

Lampson subsequently filed a motion to modify the Commissioner's ruling sustaining the trial court's denial of its motion to require a supersedeas bond. The Court of Appeals denied Lampson's motion, and we granted Lampson's petition for discretionary review.

Lampson originally assigned error to the implication in the Court of Appeals ruling that the supersedeas bond issue was not ripe for review until Lampson attempted enforcement of the judgment. WPPSS now does not contest Lampson's position that Lampson need not have attempted enforcement of the judgment. Filing of the notice of supersedeas by WPPSS stayed enforcement of the summary judgment pending appeal; no enforcement attempt was required.[1]

One principal issue remains to be discussed.

## ISSUE

Was WPPSS required to post a supersedeas bond pending appeal?

## DECISION

CONCLUSION. If the State, or any municipal corporation or political subdivision thereof, appeals, a notice of supersedeas without bond is sufficient.

The primary purpose of a supersedeas bond is to delay execution of the judgment while ensuring that the judgment debtor's ability to satisfy the judgment will not be impaired pending appeal.[2] An appellant is not obligated to supersede a judgment from which it is appealing;[3] it *must*,

---

[1]*See Malo v. Anderson*, 76 Wn.2d 1, 5, 454 P.2d 828 (1969); *Ryan v. Plath*, 18 Wn.2d 839, 855, 140 P.2d 968 (1943).

[2]*See Malo*, at 5; *Seventh Elect Church v. Rogers*, 34 Wn. App. 105, 120, 660 P.2d 280 (1983).

[3]*In re Estates of Sims*, 39 Wn.2d 288, 297, 235 P.2d 204 (1951).

however, post security if it desires to stay enforcement of an adverse judgment pending appeal,[4] unless it is exempt from posting bond.[5] A party claiming an exemption must file a *notice of supersedeas,* which stays enforcement of the judgment as though a bond were posted.[6] WPPSS filed such a notice, asserting an exemption from posting a bond pursuant to RCW 4.92.080 and CR 65(c).

RCW 4.92.080 provides that "[n]o bond shall be required of the state . . . for any purpose in any case in any of the courts of the state of Washington . . ." Furthermore, CR 65(c) provides that "[p]ursuant to RCW 4.92.080 no security shall be required of the State of Washington, *municipal corporations* or *political subdivisions* of the State of Washington." (Italics ours.)

WPPSS is a municipal corporation.[7] It is also a political subdivision of the State.[8]

As *Hockley v. Hargitt,* 82 Wn.2d 337, 347, 510 P.2d 1123 (1973) ruled:

> The trial court correctly held that King County need not post a bond since RCW 4.92.080 exempts the state from posting a bond in any action. . . . *It would be an anomaly to free the state from posting a bond while imposing such requirement upon its political subdivision whose life and authority derive from the state.*

(Italics ours.)[9]

There is no qualification or ambiguity in either RCW 4.92.080 or CR 65(c). If the State, or any municipal corporation or political subdivision of the State, appeals, a notice

---

[4]RAP 8.1(b).

[5]RAP 8.1(c).

[6]RAP 8.1(c).

[7]RCW 43.52.250, .360.

[8]*Continental Ill. Nat'l Bank & Trust Co. v. Washington,* 696 F.2d 692 (9th Cir.), *appeal dismissed,* 460 U.S. 1077, 76 L. Ed. 2d 338, 103 S. Ct. 1762, *reh'g denied,* 461 U.S. 950, 77 L. Ed. 2d 1309, 103 S. Ct. 2130 (1983).

[9]*Accord, Campbell v. Bellevue,* 85 Wn.2d 1, 14, 530 P.2d 234 (1975).

of supersedeas without bond is sufficient, and no appeal or supersedeas bond need be posted.

Lampson attempts to qualify this hitherto unequivocal rule by urging that we adopt a new test: "whether a municipal corporation is required to post a supersedeas bond turns on whether the municipal corporation has the power to generate revenue by exercising its power to tax."

*Rutcosky v. Tracy*, 89 Wn.2d 606, 612, 574 P.2d 382, *cert. denied*, 439 U.S. 930, 58 L. Ed. 2d 323, 99 S. Ct. 317 (1978), cited by Lampson, is not authority for this new "test". In that case, in what we found was "a unique case", this court did no more than uphold a superior court order "freezing" earmarked funds in the control of a college. In that decision we made it as clear as words could:

> We hold that the order is *not* the equivalent of requiring a supersedeas bond within the meaning of the statute.

(Italics ours.) *Rutcosky*, at 612.

WPPSS produces considerable energy for the Pacific Northwest, and in so doing helps protect the public's health, safety and welfare. Requiring such an entity to post a bond would have the dual effect of interfering with its ability to perform its public functions and deterring it from appealing matters such as this one. Furthermore, even when a public entity possesses the authority to tax, such authority is not necessarily a guaranty that all claims against it will be paid.

Here the trial court followed our established precedent and court rule in holding that a notice of supersedeas without bond was the proper procedure for WPPSS to follow. That ruling was entirely correct.

The ruling by the trial court is affirmed.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, CALLOW, GOODLOE, and DURHAM, JJ., concur.