155 P.3d 161 (2007)
RON & E ENTERPRISES, INC., Respondent,
v.
CARRARA, LLC, Appellant.
No. 57119-2-I.
Court of Appeals of Washington, Division 1.
April 9, 2007.
Michael Duane Daudt, Christopher Ian Brain, Tousley Brain Stephens PLLC, Seattle, WA, for Appellant.
Eileen I. McKillop, Colm Nelson, Oles Morrison Rinker & Baker LLP, Seattle, WA, for Respondent.
APPELWICK, C.J.
¶ 1 Ron & E Enterprises, Inc. was awarded summary judgment against Carrara, LLC on July 8, 2005. Carrara, LLC had 30 *162 days  until August 8, 2005  to appeal the summary judgment. Carrara did not appeal until October 21, 2005, the date on which judgment was entered on attorney fees. Because an appeal of attorney fees does not bring up for review a prior decision, Carrara's appeal of the summary judgment order is untimely. Carrara's appeal of the attorney fees order is timely, but because no appeal of the summary judgment is available, Carrara cannot be the prevailing party. We affirm.

FACTS
¶ 2 In 1999, Carrara sub-contracted with Ron & E to install deck waterproofing on the Carrara condominiums in Seattle, Washington. The subcontract contains an attorney fee clause that entitles the prevailing party to recover its reasonable attorney fees and costs. On April 22, 2002, Ron & E was administratively dissolved. On April 28, 2005, nearly three years after Ron & E's dissolution, Carrara filed suit against Ron & E.
¶ 3 On June 8, 2005, Ron & E filed a Motion for Summary Judgment seeking dismissal of Carrara's claims. On July 8 the trial court granted this motion. On August 9, the trial court granted Ron & E's motion for attorney fees and costs, awarding $7,907.76. On September 22, the trial court entered a judgment ordering Carrara to pay the attorney fees granted to Ron & E by the August 9 order, plus interest.
¶ 4 On October 21, Carrara filed a Notice of Appeal of the July 8 Order Granting Ron & E's Motion for Summary Judgment and the September 22 Judgment Granting Defendant's Motion for Attorney Fees and Costs. Carrara does not contest the reasonableness of the award.
¶ 5 On December 20, 2005, Ron & E filed a Motion to Dismiss Carrara's appeal of the summary judgment as untimely under Rules of Appellate Procedure (RAP) 2.4(b). Ron & E noted that Carrara's Notice of Appeal was filed more than three months after the July 8 order granting Ron & E's motion for summary judgment, and more than a month after the August 9 order granting Ron & E's motion for attorney fees. On January 9, 2006, Carrara filed its opposition to dismissal. On January 17, the Court Commissioner denied Ron & E's Motion to Dismiss. On January 23, Ron & E filed a RAP 17.7 Motion to Modify the Commissioner's ruling. On February 15, the Commissioner referred this motion to a panel of judges, which denied the motion on March 24, 2006.

ANALYSIS
Timely Notice of Appeal of Summary Judgment
¶ 6 RAP 2.2(a)(1) allows a party to appeal a final judgment of any proceedings, regardless of whether the judgment reserves for future determination an award of attorney fees or costs. This notice must be filed within 30 days after the entry of the decision of the trial court. RAP 5.2(a). RAP 2.4(b) allows a timely appeal of a trial court's attorneys' fees decision, but makes clear that such an appeal does not allow a decision entered before the award of attorney fees to be reviewed (i.e. it does not bring up for review the judgment on the merits) unless timely notice of appeal was filed on that decision. RAP 2.4(b); 2A Karl B. Tegland, Washington Practice: Rules Practice RAP 2.4 at 183 (6th ed.2004). This clause, when adopted in 2002, was a change in the law and effectively overruled Franz v. Lance, 119 Wash.2d 780, 836 P.2d 832 (1992) (which allowed an appeal of sanctions to bring up an appeal from the underlying judgment). See 2A Tegland, supra at 183 (citing Drafter's Comment, 2002 Amendment). "The practical lesson is clear  counsel should appeal from the judgment on the merits, even if the issue of attorney fees is still pending." 2A Tegland, at 181.
¶ 7 Here, the "Order Granting Defendant Ron & E Enterprises, Inc.'s Motion for Summary Judgment of Plaintiff's Claims" was issued on July 8, 2005. It stated:
¶ 8 It is hereby ORDERED, ADJUDGED, AND DECREED that:
1. Defendant Ron & E Enterprises, Inc.'s Motion for Summary Judgment of All Claims is GRANTED.

*163 2. Plaintiff Carrara, LLC's claims against Defendant Ron & E Enterprises, Inc. are dismissed with prejudice.
This was a final, dispositive judgment. Carrara had until August 8, 2005 to file a notice of appeal on this judgment. Because Carrara did not file until October 21, 2005, its appeal of this judgment is untimely. It cannot now couch the appeal of the summary judgment order in its appeal of attorney fees.
¶ 9 Ron & E's motion to dismiss the appeal of the summary judgment should have been granted to reflect the limitations of RAP 2.4(b). Similarly, Ron & E's motion to modify should have been granted to reflect the same limitations.
Appeal of Attorney Fees
¶ 10 Carrara's notice of appeal of attorney fees was timely  it was filed within 30 days of the final judgment awarding attorney fees. However, there is no basis to reverse on attorney fees; the subcontract between the two parties contains a typical attorney fees clause in which those fees are granted to the prevailing party. Because no appeal of the summary judgment is available, Carrara cannot be the prevailing party, and cannot claim attorney fees.
Post-Dissolution Claims
¶ 11 Because we find that Carrara did not timely appeal the trial court's order granting Ron & E's motion for summary judgment, we do not reach the merits of Carrara's claim.
¶ 12 We dismiss Carrara's appeal, and award attorney fees incurred on this appeal to Ron & E.
WE CONCUR: ELLINGTON and GROSSE, JJ.