213 P.3d 42 (2009)
Vicky BUSHONG, Appellant,
v.
Ann WILSBACH, Respondent.
No. 61558-1-I.
Court of Appeals of Washington, Division 1.
July 27, 2009.
*43 Karen R. Bertram, Kenneth Levi Schubert III, Garvey Schubert & Barer, Seattle, WA, for Appellant.
Scott A.W. Johnson, Shelley Marie Hall, Stokes Lawrence PS, Seattle, WA, for Respondent.
GROSSE, J.
¶ 1 A timely appeal must be filed within 30 days of a trial court's decision. An appeal from an award of attorney fees is not timely when filed more than 30 days after the trial court awarded attorney fees even though the trial court has not yet set the amount of those fees. Here, Vicky Bushong appealed from the trial court's judgment setting the amount of the attorney fees, not the judgments entitling Ann Wilsbach to those fees. Because Bushong failed to appeal from the award of the fees itself within 30 days after the order awarding fees, she is barred from contesting the imposition of those fees. Moreover, in appealing from the order setting the amount of fees, Bushong did not contest the reasonableness of those fees and thus that issue is not before us. We dismiss the appeal as untimely.

FACTS
¶ 2 Edmund Wilsbach (Edmund) and Vicky Bushong (Bushong) divorced in Connecticut in 1984 after 14 plus years of marriage. As part of the divorce decree, the court ordered Edmund to maintain an insurance policy naming Bushong as the beneficiary. Edmund did so initially, but in 1998 stopped paying premiums and the policy (No. XXXXXXXXX) lapsed. No policy was purchased to replace this policy. Edmund also obtained a separate policy in the same amount of $250,000 naming Ann Wilsbach (Wilsbach), his surviving spouse, as the beneficiary. Edmund continued to pay the premiums on this policy (No. XXXXXXXXX) until his death in 2004.
¶ 3 Bushong filed a suit against Edmund's estate for monies owed under the separation agreement, but her suit was rejected as untimely. After Snohomish County Superior Court entered a summary judgment in the estate's favor, Bushong filed this action in King County Superior Court against Wilsbach, individually, seeking to impose a constructive trust on the proceeds from the life insurance policy that named Wilsbach as beneficiary.
¶ 4 On November 29, 2007, the trial court granted Wilsbach's motion for summary judgment and awarded Wilsbach attorney fees. Bushong did not appeal from that decision. On February 4, 2008, the trial court denied Bushong's motion for reconsideration, explaining in additional detail the basis for its decision to grant summary judgment and award fees. Bushong did not appeal from that decision. On March 21, 2008, the trial court determined that Wilsbach was entitled to fees and costs in the amount of $27,506.80. On April 18, 2008, Bushong filed a notice of appeal from the March 21 decision.

ANALYSIS
¶ 5 An appeal from an award of attorney fees does not bring up for review the merits of the underlying summary judgment decision.[1] Wilsbach concedes that Bushong's notice of appeal is timely as to the March 21, 2008 decision setting the attorney fees and costs, but argues that Bushong is precluded from challenging the award of fees itself because she did not appeal from either the November 28, 2007 or February 4, 2008 decision which held that Wilsbach was entitled to *44 attorney fees. And, further, because Bushong does not challenge the amount of the award, Wilsbach contends that the appeal should be dismissed in its entirety. We agree.
¶ 6 RAP 2.4(b) provides:
Order or Ruling Not Designated in Notice. The appellate court will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review. A timely notice of appeal of a trial court decision relating to attorney fees and costs does not bring up for review a decision previously entered in the action that is otherwise appealable under rule 2.2(a) unless a timely notice of appeal has been filed to seek review of the previous decision.[[2]]
The plain words of the rule show that Bushong's appeal of the award of attorney fees is untimely. As this court noted in Ron & E Enters., Inc. v. Carrara, LLC[3] an appeal from an attorney fee decision does not bring up for review a separate judgment on the merits unless a timely notice of appeal is filed from that judgment:
RAP 2.4(b) allows a timely appeal of a trial court's attorneys' fees decision but makes clear that such an appeal does not allow a decision entered before the award of attorney fees to be reviewed (i.e., it does not bring up for review the judgment on the merits) unless timely notice of appeal was filed on that decision. RAP 2.4(b); 2A KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE RAP 2.4, at 183 (6th ed. 2004).... "The practical lesson is clear  counsel should appeal from the judgment on the merits, even if the issue of attorney fees is still pending." 2A TEGLAND, supra, at 181.[[4]]
Here, Bushong argues that there was no legal basis to award attorney fees. But she did not appeal from the judgments establishing the legal basis for an attorney fee award within 30 days of the entry of those judgments. Thus, her appeal of the decision to award fees is untimely. Bushong does not challenge the reasonableness of the amount of the fees awarded in the March 21 order. Therefore, that issue is not before us.
¶ 7 Wilsbach seeks attorney fees on appeal. Because the underlying contract provided for an award of attorney fees, Wilsbach is entitled to fees on appeal provided she complies with RAP 18.1.
WE CONCUR: LEACH, J., and SCHINDLER, C.J.
NOTES
[1] RAP 2.4(b); Ron & E Enters., Inc. v. Carrara, LLC, 137 Wash.App. 822, 825-26, 155 P.3d 161 (2007).
[2] (Emphasis added.)
[3] 137 Wash.App. 822, 825-26, 155 P.3d 161 (2007).
[4] Carrara, LLC, 137 Wash.App. at 825-826, 155 P.3d 161 (alternations in original).