# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CITY OF KAHLOTUS, | ) | NO. 71394-9-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| SHARON M. LIND, | ) | |
| | ) | |
| Appellant. | ) | FILED: August 11, 2014 |

PER CURIAM -- In this dispute over a street in Kahlotus, Washington,[1] Sharon Lind appeals the denial of her motion to vacate orders quieting title to the street, enjoining her from blocking the street, and granting the City of Kahlotus CR 11 sanctions. We dismiss the appeal as untimely.

On December 15, 2010, and May 9, 2011, the superior court entered summary judgment orders quieting title to the street in the City and enjoining Lind from blocking it.

In 2011, Lind filed her first motion to vacate the summary judgment orders. In January, 2012, the superior court denied the motion.

In December, 2012, Lind filed a second motion to vacate the summary judgment orders. The motion also sought to vacate the order denying her first motion to vacate. On January 25, 2013, the superior court denied Lind's motion.

---

[1] This appeal was transferred to this court by order from Division Three.

That same day, the court granted the City's motion for $1,197.20 in attorney fees under CR 11.

On February 4, 2013, Lind timely filed a motion for reconsideration of the order denying her second motion to vacate. On February 5, 2013, the trial court denied the motion.

On March 14, 2013, the court entered an order amending the January 25, 2013 order awarding attorney's fees under CR 11. The amended order simply added a judgment summary.

On March 25, 2013, more than 30 days after entry of any of the decisions except the amended order on CR 11 sanctions, Lind filed a notice of appeal purporting to appeal all of the court's 2013 orders.

## DECISION

A party may appeal a final judgment, RAP 2.2(a)(1), an order denying a motion to vacate a final judgment, RAP 2.2(a)(10), or an order granting a motion for attorney fees. See RAP 2.2(a)(1); RAP 2.2(a)(3). A party seeking review of such decisions must file a notice of appeal within 30 days of the entry of the decision in the trial court.[2] An appeal from a "decision relating to attorney fees and costs does not bring up for review a decision previously entered in the action that is otherwise appealable under [RAP] 2.2(a) unless a timely notice of appeal

_____

[2] RAP 5.2(a).

2

has been filed to seek review of the previous decision."[3]  For example, in

Bushong v. Wilsbach, 151 Wn. App. 373, 377, 213 P.3d 42 (2009), this court

held that a party appealing a post-judgment decision setting the amount of

attorney fees was precluded from challenging the legal basis for the fee award

because the party failed to timely appeal the earlier decision establishing that

basis.

Under these authorities, Lind's notice of appeal was untimely as to all of

the orders appealed except the order amending the order awarding attorney

fees.  The appeal of the latter order does not permit review of the prior,

appealable decisions of the superior court, including the orders under CR 11 and

CR 60.[4]  Thus, the challenged orders are not properly before this court.

In any case, Lind fails to demonstrate an abuse of discretion in the court's

decisions under CR 60 and CR 11.[5]  Pro se litigants are held to the same

standard as attorneys and must comply with all procedural rules on appeal.[6]

Failure to do so may preclude appellate review.[7]  An appellant must provide

"argument in support of the issues presented for review, together with citations to

---

[3] RAP 2.4(b); Carrara, LLC v. Ron & E Enterprises, Inc., 137 Wn. App. 822, 825-26, 155 P.3d 161 (2007).

[4] Lind does not claim that the original CR 11 order or the CR 60 orders were not appealable.

[5] This court reviews a trial court's denial of a CR 60(b) motion to vacate for abuse of discretion. Haley v. Highland, 142 Wn.2d 135, 156, 12 P.3d 119 (2000).

[6] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

[7] State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999).

legal authority and references to relevant parts of the record."[8] Failure to support assignments of error with legal arguments precludes review.[9] Arguments that are not supported by references to the record, meaningful analysis, or citation to pertinent authority need not be considered.[10] Unchallenged findings of fact are verities on appeal.[11]

Here, in denying Lind's motion to vacate, the court stated in part that the motion "was not made within a reasonable time or within one year as required by CR 60(b)(3) for newly discovered evidence." Lind's December, 2012 motion to vacate was untimely as to the 2010 and 2011 motions for summary judgment. And even assuming the motion to vacate *was* timely as to the January, 2012 order denying her earlier motion to vacate, she fails to provide any meaningful analysis of CR 60(b)(3) [12] and its application to that order.

Lind misperceives the nature of the due diligence requirement under CR 60(b)(3) and failed to satisfy that requirement below. In her opening brief, she states in part that "Due Diligence is primarily a contract term for people who initiate, or respond to, the request for a contract. It should not be used the same way when someone is defending themselves from other people's actions." App.

---

[8] RAP 10.3(a)(6).

[9] Howell v. Spokane & Inland Empire Blood Bank, 117 Wn.2d 619, 624, 818 P.2d 1056 (1991).

[10] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); State v. Elliott, 114 Wn.2d 6, 15, 785 P.2d 440 (1990); RAP 10.3(a).

[11] Fuller v. Emp't Sec. Dep't, 52 Wn. App. 603, 605, 762 P.2d 367 (1988).

Br. at 16. But as the party moving to vacate on the ground of newly discovered evidence, it was her burden to establish that there was "[n]ewly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b)."[13] This required more than merely alleging diligence; it required Lind to set forth facts explaining why the evidence was not available prior to the summary judgment hearings and the previous motion to vacate.[14] Lind did not satisfy this standard below. On appeal, she claims that, prior to the summary judgment hearings, she made "numerous public records request[s]" for certain correspondence she eventually discovered in 2012.[15] But she cites nothing in the record supporting this claim.

Lind's challenge to the attorney fee awards under CR 11 is also unavailing as it fails to address the court's CR 11 findings and is unsupported by authority or meaningful analysis. The City requests attorney fees and costs on appeal under RAP 14.2, RCW 4.84.185, and CR 11.[16] We grant reasonable costs and fees subject to the City's compliance with RAP 14.3 and 18.1.

---

[12] Lind's motion to vacate only discussed CR 60(b)(3).

[13] (Emphasis added) Jones v. City of Seattle, 179 Wn.2d 322, 360, 314 P.3d 380, 399 (2013).

[14] See Vance v. Thurston County Comm'rs, 117 Wn. App. 660, 671, 71 P.3d 680 (2003).

[15] Appellant's brief at 38.

[16] An award of attorney fees on appeal is authorized by CR 11 where sanctions have been imposed in the trial court pursuant to that rule, as responding to the appeal "could reasonably be viewed as a cost of collecting the judgment" entered by the trial court. Skilcraft Fiberglass, Inc. v. Boeing Co., 72 Wn.App. 40, 48, 863 P.2d 573 (1993), abrogated on other grounds by Morin v. Burris, 160 Wn.2d 745, 161 P.3d 956 (2007). Attorney fees may also be awarded for a frivolous appeal under RAP 18.9.

The appeal is dismissed.

For the court:

_Schindler, J._

_Leach, J._

_Spearman, C.J._

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 AUG 11   AM 10: 35