# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Marriage of | No.  50392-1-II |
| KIMBERLY KAY HALME, | |
| Appellant/Cross Respondent, | |
| and | |
| NATHAN ALAN KYSAR, | UNPUBLISHED OPINION |
| Respondent/Cross Appellant. | |

WORSWICK, J. — In this heavily litigated post-dissolution matter, both parties appeal orders awarding attorney fees and costs to Kim Halme for post-dissolution modification proceedings and this appeal.  Nathan Kysar and Halme, who have four children, divorced in 2007.  In 2015, Kysar moved to modify child support.  The trial court modified the child support order and reserved the issue of attorney fees and costs.  Months later, the court entered orders awarding Halme attorney fees and costs for defending against Kysar's motion to modify and awarding advanced appellate attorney fees and costs for responding to this appeal.  However, the court declined to award Halme attorney fees and costs for defending against a motion for discretionary review to this court.

Kysar appeals the orders awarding Halme attorney fees and costs, arguing that the trial court improperly calculated Halme's income for the modification order and abused its discretion in ordering attorney fees and costs.

Halme argues that Kysar did not timely appeal the modification order so he cannot contest the income calculation. Halme also cross appeals, arguing that the trial court erred by not awarding attorney fees and costs for the discretionary review motion.

We hold that because Kysar did not timely appeal the modification order, we cannot address his argument regarding the income calculation. We further hold that the trial court did not abuse its discretion when it awarded attorney fees and costs for the modification litigation, awarded advance attorney fees and costs for this appeal, and denied Halme's attorney fees and costs in defending the motion for discretionary review. Consequently, we affirm the trial court's orders.

FACTS

Eight years after the dissolution of their marriage, Nathan Kysar filed a petition to modify his and Kim Halme's parenting plan and child support order. Regarding child support, a superior court commissioner entered a temporary support order computing Halme's income according to the method used in the divorce decree and a prior modification decision.

Kysar moved for revision and the superior court judge revised the commissioner's temporary order, recalculating and reducing Halme's income to an imputed minimum wage. Kysar sought discretionary review of that decision, which this court denied. Halme requested attorney fees and costs, but a commissioner of this court held that RAP 18.1 did not apply and further determined that the motion did not meet the standard to be frivolous under RAP 18.9. On January 13, 2017, following this court's denial of Kysar's motion for discretionary review, the trial court entered a final order modifying Halme's and Kysar's child support agreement. The order states that Halme's request for attorney fees and costs was reserved for future resolution.

2

Specifically, under an "Other Orders" section, it stated: "[Halme's] request for attorney fees is reserved for hearing at a later date. [Halme] shall file a Motion for fees on Judge Rulli's regular motion docket." Clerk's Papers (CP) at 714. Kysar did not appeal this order.

Halme then filed a motion for attorney fees and costs under RCW 26.09.140. Specifically, Halme requested attorney fees and costs for expenses arising from Kysar's petition to modify, his motion for revision, his motion for post-secondary support and motion for reconsideration, his second motion for revision, and his motion for discretionary review to this court. Halme's counsel submitted an affidavit showing $19,035.86 in fees and costs incurred during this time period.

The documents Halme submitted with the motion, noted only dates and amounts of fees, but did not designate what work Halme's counsel completed to incur these fees. Then, over Kysar's objection, Halme's counsel submitted additional, and more detailed, documentation denoting the time, activity, and rates he billed for the services rendered during the relevant time period, totaling $18,198.26.

In his surreply on the motion for fees, Kysar commented on line items in Halme's counsel's billing document. He noted fees which he believed were excessive and which fees were for the discretionary appeal. Kysar argued that neither type of fee should be assessed for the final order modifying child support. He also noted that some fee entries were out of order, claiming they were added later to "pad[] the bill." CP at 801.

The trial court held a hearing addressing the attorney fees and costs. From Halme's counsel's total bill, the trial court deducted all the fees that Kysar had argued were either excessive or related to the discretionary review motion to arrive at a net figure. The court then

applied a percentage, based on the parties respective incomes, and ordered Kysar to pay

$10,566.27. The court stated to Kysar, "I based [the costs determination] upon what you've

outlined in your response as being appeal costs. And everything that you've indicated as

excessive costs I've also deducted in arriving at the net changes." Verbatim Report of

Proceedings (VRP) (April 21, 2017) at 6.

At a follow-up hearing to enter the order on attorney fees and costs, the trial court altered

the order to reflect a $500 payment that the parties agreed Kysar had made since the initial

hearing, and awarded Halme attorney fees and costs in the amount of $10,066.27. The trial

court's entire findings are as follows:

a.   The court takes into consideration the financial resources of both parties.
b.   The court applied the Lode Star factors and finds these factors have been met as far as the reasonableness of the fees requested.
c.   [Kysar's] claim of excessive costs in the amount of $984.50 has been considered and deducted from [Halme's] original claim for attorney fees in the amount of $14,615.77.
d.   [Kysar's] claim of appeal costs in the amount of $3,065.00 has been considered and deducted from [Halme's] original claim for attorney fees in the amount of $14,615.77.

CP at 835-36. Based on these findings, the trial court ordered that Kysar pay Halme's attorney

fees and costs in the amount of $10,066.27.

Kysar appealed the order of attorney fees and costs on May 30, 2017. Halme cross

appeals.

After the notices of appeal were filed, the trial court ordered Kysar to pay $7,500 in

advance attorney fees and costs to cover Halme's expenses for this appeal.[1] The order stated that

---

[1] We consider this order under RAP 7.2(i).

the court "considered the records and files herein, the pleadings of the parties, RCW 26.09.140 and RAP 7.2(d), and the argument of counsel" and then ordered Kysar pay $7,500 in advance fees for Halme to contest this appeal. CP at 925. The order further stated, "This is not a money judgment but an order directing [Kysar] to act, so [Halme] will have funds to pay her attorney to defend against [Kysar's] appeal and cannot be superseded." CP at 925-26. The trial court clerk's hearing summary[2] reflects that the "Court does not shut the door on the super[sedeas] and Counsels can bring a motion before the Court on the matter." CP at 924.

## ANALYSIS

### I. ORDER MODIFYING CHILD SUPPORT

Kysar first argues that the trial court abused its discretion when it decreased Halme's imputed income in the order modifying child support. Halme argues that the child support order is not properly before us because Kysar did not timely appeal the trial court's entry of that order. We agree with Halme.

Generally, a party must file a notice of appeal within 30 days after the entry of the decision of the trial court. RAP 5.2(a). A final order modifying child support is an appealable order. *See In re Marriage of Aiken*, 194 Wn. App. 159, 374 P.3d 265 (2016). "A timely notice of appeal of a trial court decision relating to attorney fees and costs does not bring up for review a decision previously entered in the action that is otherwise appealable." RAP 2.4(b). A party must appeal from the judgment "establishing the legal basis for an attorney fee award" within 30 days of the entry of that judgment. *Bushong v. Wilsbach*, 151 Wn. App. 373, 377, 213 P.3d 42

---

[2] The record on appeal does not contain the VRP for this hearing.

(2009); *see also Carrara, LLC v. Ron & E Enters., Inc.*, 137 Wn. App. 822, 825-26, 155 P.3d 161 (2007).

In *Bushong*, a party contested the award, but not the reasonableness of the attorney fees. 151 Wn. App. at 376. This court applied the plain language of RAP 2.4(b) to hold that the appeal was untimely. *Bushong*, 151 Wn. App. at 377. This court held that "an appeal from an attorney fee decision does not bring up for a review a separate judgment on the merits unless a timely notice of appeal is filed from that judgment." *Bushong*, 151 Wn. App. at 377.

Here, the trial court entered the order modifying child support on January 13, 2017. This order was a final, appealable order and provided the legal basis for Halme's income calculation to which Kysar objects. The order's language that Halme's request for attorney fees was "reserved for hearing at a later date" did not alter the finality of the child support order. *See Bushong*, 151 Wn. App. at 377.

Kysar filed his notice of appeal regarding the order of attorney fees and costs on May 30, 2017, more than 30 days from the trial court's entry of the final order. Because Kysar failed to file a timely notice of appeal from the trial court's final order, his appeal regarding attorney fees and costs does not bring up for review the trial court's modification decisions. RAP 2.4(b); *see Bushong*, 151 Wn. App. at 377. Accordingly, we cannot address the merits of Kysar's arguments regarding the computation of Halme's income in the child support order.

## II. ATTORNEY FEES AND COSTS

Kysar also argues that the trial court abused its discretion in granting Halme attorney fees for the action to modify child support and for advancing her fees for this appeal. Specifically, he argues that the trial court improperly considered supplemental documentation, failed to credit

him for fees he had already paid, and abused its discretion when it awarded Halme attorney fees and costs. We disagree.

Where the trial court's authority to award attorney fees is not in question, we review a trial court's award of attorney fees and costs for an abuse of discretion. *In re Marriage of Obaidi*, 154 Wn. App. 609, 617, 226 P.3d 787 (2010). The party challenging the award of fees has the burden of proving that the trial court exercised its discretion in a clearly unreasonable or manifestly untenable way. *In re Custody of Smith*, 137 Wn.2d 1, 22, 969 P.2d 21 (1998).

When awarding attorney fees, the trial court must make a record sufficient to permit meaningful review by articulating its grounds for the award. *White v. Clark County*, 188 Wn. App. 622, 639, 354 P.3d 38 (2015). Generally, this requires that the trial court enter findings of fact and conclusions of law to support the attorney fees award. *SentinelC3, Inc. v. Hunt*, 181 Wn.2d 127, 144, 331 P.3d 40 (2014). The trial court's unchallenged findings of fact are verities on appeal. *In re Marriage of Black*, 188 Wn.2d 114, 127, 392 P.3d 1041 (2017). We review conclusions of law to determine whether they are legally correct and whether they are supported by the findings. *State Farm Fire & Casualty Co. v. Justus*, 199 Wn. App. 435, 448, 398 P.3d 1258 (2017).

RCW 26.09.140 permits the trial court to order one party in a modification action to pay attorney fees and costs to the other party after considering the parties' financial resources. *See In re Marriage of Spreen*, 107 Wn. App. 341, 351, 28 P.3d 769 (2001). The statute, in relevant part, states:

> The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for reasonable attorneys' fees or other professional fees in connection therewith,

7

> including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or enforcement or modification proceedings after entry of judgment.

RCW 26.09.140. Additionally, we may, in our discretion, order a party to pay appellate costs and attorney fees in addition to statutory costs. RCW 26.09.140.

A.  *Attorney Fees and Costs for Modification Proceedings*

Kysar argues that the trial court "impermissibly" allowed Halme to submit supplemental information on the attorney fees incurred, "failed to credit [Kysar] with the payments he had already made," and that Halme misquoted her attorney fees and costs.[3]  Br. of Appellant at 13, 15.  We hold that the trial court properly awarded Halme attorney fees and costs for defending the modification proceeding.

1.  *Trial Court Did Not Err when Considering Additional Supporting Documents*

We review the trial court's decision to accept or reject untimely filed documents for an abuse of discretion.  *Clipse v. Commercial Driver Servs., Inc*., 189 Wn. App. 776, 786, 358 P.3d 464 (2015).  Kysar fails to show how the trial court's decision to consider the supplemental documents was manifestly unreasonable or based on untenable grounds or reasons.  Because the trial court's decision to consider the supplemental documentation was not unreasonable, we hold that the trial court did not abuse its discretion when it considered the supplemental documentation.

---

[3] Kysar's arguments largely attack Halme's *initial* motion and supporting documentation. Although not entirely clear, Kysar appears to argue that because the trial court erred by allowing Halme to supplement her supporting information, we should base our decision on her initial request for attorney fees which contained numerous errors.  We come to this conclusion because Kysar's argument cites only to the initial request, not to the supplemental document filed with the court, and describes only deficiencies in the initial motion.

2. *Trial Court Did Not Award Fees Already Paid*

Kysar argues that the trial court failed to credit him for fees he previously paid. This argument misstates the record.

At the hearing, the trial court and both counsel discussed the amount of attorney fees and costs Kysar had already paid. All three came to an agreement about the amount previously paid and how much was credited toward the amount of fees ordered. The trial court ensured the parties agreed to the amount of fees Kysar had already paid and deducted that amount from the final award. On appeal, Kysar does not provide any evidence that he was not credited the proper amount. Accordingly, this argument fails.

3. *Trial Court Did Not Abuse its Discretion Awarding Attorney Fees for Final Order Modifying Child Support*

Kysar argues that the trial court erred in awarding Halme attorney fees and costs related to the modification litigation. As a preliminary matter, Kysar does not challenge any of the trial court's findings of fact in the attorney fees and costs order.

Kysar argues that "[t]he trial court erred in entering its order re [sic] attorney fees to [Halme] based on incomplete records and for granting fees which were not supported by evidence." Br of Appellant at 6. But, Kysar's argument that the order is not supported by evidence fails because the unchallenged findings of fact are verities on appeal.

Further, Kysar neither argues nor shows that the trial court abused its discretion in awarding Halme attorney fees and costs. Halme's counsel provided an itemized billing of the tasks and expended time. The trial court considered and accepted these costs as reasonable.

Kysar also argues that "[t]he court had to engage in guesswork to determine an arbitrary amount of fees to be awarded to [Halme]."  Br. of Appellant at 15.  Setting aside that this argument appears to be directed at the original motion and not the amended motion that contained supplemental documentation, the trial court granted all of Kysar's requests to reduce or reject line items regarding the requested attorney fees and costs.

The trial court accepted all of Kysar's arguments regarding reductions of fee entries that he believed were excessive and for the motion for discretionary review.  The trial court adopted Kysar's requested reductions and subtracted these amounts from the final award of attorney fees and costs.

Because the findings of fact are verities on appeal, and because the trial court did not abuse its discretion in awarding attorney fees and costs, we hold that the trial court did not err when awarding attorney fees and costs regarding the modification proceedings.[4]

B.      *Advance Attorney Fees and Costs for this Appeal*

Kysar argues that the trial court erred when it ordered him to pay advance fees and costs for this appeal and that it abused its discretion by refusing to allow Kysar to file a supersedeas bond to stay the payment of the advance fees and costs.  Although the record on appeal contains only the order of advance fees and clerk's summaries, we consider this issue and hold that the trial court did not abuse its discretion in awarding advance appellate attorney fees and costs.

---

[4] Kysar argues that Halme's attorney "misquoted" fees and the supplemental documentation was "fraught with errors." Br. of Appellant at 13; Reply Br. of Appellant/Cross Resp't at 6.  We do not consider this argument because the trial court's findings are verities on appeal.

1. *Advance Attorney Fees and Costs*

Kysar argues that the trial court erred when it ordered him to pay advance fees and costs for this appeal. We disagree.

A trial court may order an advance award of attorney fees and costs to cover the cost of a party's response to an appeal when applicable law vests the trial court with such authority. RAP 7.2(d); *In re Marriage of Bernard*, 137 Wn. App. 827, 838, 155 P.3d 171 (2007). In awarding fees and costs, the court must balance the needs of the party requesting fees with the ability of the other spouse to pay. *In re Marriage of Morrow*, 53 Wn. App. 579, 590, 770 P.2d 197 (1989). When determining the parties' income for child support purposes, the trial court considers "[a]ll income and resources of each parent's household." RCW 26.19.071(1). We review a trial court's award of attorney fees for an abuse of discretion. *Obaidi*, 154 Wn. App. at 617.

Here, Kysar argues that the trial court did not properly consider the financial resources of the parties when awarding the advance attorney fees and costs. Specifically, Kysar contends that Halme's spouse had the financial ability to cover her appellate costs. However, the trial court order stated that the court "considered the records and files herein, the pleadings of the parties, RCW 26.09.140 and RAP 7.2(d), and the argument of counsel." CP at 925. Because the trial court was required to consider income for child support determinations, we assume that the pleadings and records in this case contained the necessary financial information for the trial court to order the advance attorney fees for Kysar's appeal. *See* RCW 26.19.071(1). The financial ability of the parties had been thoroughly adjudicated and considered in the modification action and, thus, the information was in the court file. Accordingly, we hold that the trial court did not abuse its discretion when awarding advance appellate costs to Halme under RAP 7.2(d).

11

2. *Supersedeas Bond*

Kysar also argues that the trial court abused its discretion by not allowing Kysar to file a supersedeas bond to stay the payment of the advance attorney fees. Again, this argument misstates the record.

A party may stay the enforcement of a money judgment with a supersedeas bond. RAP 8.1(1). The purpose of a supersedeas bond is to stay a judgment of the superior court while on review to the appellate court. *Lampson Universal Rigging, Inc., v. Wash. Pub. Power Supply Sys.*, 105 Wn.2d 376, 378-79, 715 P.2d 1131 (1986). A party superseding a judgment which it is appealing must file a notice of supersedeas to stay the enforcement of the judgment. *Lampson*, 105 Wn.2d at 378. When a party files a notice of appeal and seeks a bond to stay the proceedings, we review the amount of the supersedeas bond for an abuse of discretion. *IBEW Health & Welfare Tr. of Sw. Wash. v. Rutherford*, 195 Wn. App. 863, 866, 381 P.3d 1221 (2016).

Here, the trial court order stated, "This is not a money judgment but an order directing [Kysar] to act, so [Halme] will have funds to pay her attorney to defend against [Kysar's] appeal and cannot be superseded." CP at 925-26. Further, the clerk's summary stated that the "Court does not shut the door on the super[sedeas] and Counsels can bring a motion before the Court on the matter." CP at 924. Additionally, at oral argument, Kysar's counsel conceded that she never filed a notice of supersedeas. Accordingly, because Kysar failed to file the proper notice of supersedeas, his argument fails.

We hold that the trial court did not err when awarding Halme advance attorney fees and costs.

### III. CROSS APPEAL: ATTORNEY FEES AND COSTS FOR MOTION FOR DISCRETIONARY REVIEW

Halme argues that the trial court erred when it refused to award her attorney fees for her response to Kysar's motion for discretionary review. Specifically, she argues that the trial court erred when it decided that it did not have the ability to award these attorney fees and costs. We hold that the trial court did not abuse its discretion when declining to award attorney fees and costs for the motion for discretionary review.

A party challenging an award of fees has the burden of showing that the trial court abused its discretion. *Custody of Smith*, 137 Wn.2d at 22. That is, the party must show that the trial court exercised its discretion in a clearly unreasonable or manifestly untenable way. *Custody of Smith*, 137 Wn.2d at 22.

Halme does not point to any finding or oral ruling to support her argument that the trial court believed it did not have the authority to impose fees regarding the motion for discretionary review to this court. The findings of fact state that "[Kysar's] claim of appeal costs in the amount of $3,065.00 has been considered and deducted from [Halme's] original claim for attorney fees in the amount of $14,615.77." CP at 836. Although Kysar argued that the trial court could not award fees for the motion to this court because this court had already ruled on the matter, Halme does not show, and the record does not reveal, that this is the reason the trial court declined to award Halme attorney fees and costs related to the motion for discretionary review.

Instead, the order's finding of fact shows that the trial court "considered and deducted" the attorney fees and costs for the motion for discretionary review. CP at 836. This shows that the trial court did indeed reach the issue, but simply declined to award the costs requested.

Because Halme fails to show that the trial court exercised its discretion in a clearly unreasonable or manifestly untenable way, we hold that Halme's argument fails.

ATTORNEY FEES

Halme requests attorney fees and costs for this appeal, citing RAP 18.1 and RCW 26.09.140.[5]  Further, Halme argues that this appeal is frivolous under RAP 18.9(a) because Kysar failed to provide adequate record for the advance appellate attorney fees argument, did not challenge any findings of fact in the attorney fees order, and argued the income calculations from the modification order that were not on appeal to this court.

RAP 18.1 allows this court to grant a party reasonable attorney fees or expenses if an applicable statute permits.  RCW 26.09.140 permits a court to order a party to pay a reasonable amount for the cost to the other party of maintaining or defending a proceeding related to the modification of a child support order, after considering the financial resources of both parties.  Additionally, RAP 18.9 allows this court to impose compensatory damages or sanctions against a party filing a frivolous appeal.  An appeal is frivolous if "there are no debatable issues over which reasonable minds could differ and there is so little merit that the chance of reversal is slim." *Kearney v. Kearney*, 95 Wn. App. 405, 416, 974 P.2d 872 (1999).

We grant Halme's request for attorney fees and costs under RAP 18.9.  Kysar's appeal is frivolous for several reasons:  Kysar did not properly appeal the final order modifying child support, Kysar did not assign error to any findings of fact; the trial court struck all attorney fee entries Kysar requested, and Kysar misrepresents the record on the supersedeas bond issue.  Kysar argues no debatable issues, and his appeal has no merit.  Accordingly, we impose

---

[5] Halme filed the necessary financial declaration with this court.

No. 50392-1-II

reasonable attorney fees and costs to Halme under RAP 18.9 for defending against Kysar's appeal.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Melnick, J.

Sutton, J.