# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ALASKA CASCADE FINANCIAL SERVICES, INC., | DIVISION ONE |
| Respondent, | No. 84350-8-I |
| v. | UNPUBLISHED OPINION |
| GRATING FABRICATORS, INC., a Washington Corporation that was administratively dissolved on September 3, 2019 and reinstated on December 20, 2020; and RHONDA R. ABERNATHY and LARRY W. ABERNATHY, husband and wife, | |
| Appellants. | |

DWYER, J. — Rhonda and Larry Abernathy appeal from an order denying their renewed motion for attorney fees. The Abernathys and additional appellant Grating Fabricators, Inc. also appeal from the trial court's denials of their motions to dismiss under either CR 12(b)(6) or CR 41(b). As the Abernathys' renewed motion for attorney fees was correctly denied as procedurally improper and the appeal is untimely as to all other issues, we affirm the judgment.

I

Grating Fabricators was formed by Rhonda and Larry Abernathy[1] and incorporated in 1993. The Secretary of State's office administratively dissolved

---

[1] We use the Abernathys' first names when referring to them in their individual capacity. No disrespect is intended.

Grating Fabricators on September 3, 2019 due to a failure to file a renewal notice. The Abernathys claimed that they were unaware of the dissolution until the following year.

On December 3, 2019, Grating Fabricators submitted an application for commercial credit to Seaport Steel. Rhonda signed the application as president of Grating Fabricators. Grating Fabricators was reinstated as a corporation on December 8, 2020.

On October 14, 2020, Alaska Cascade Financial Services (Alaska Cascade), successor in interest to Seaport Steel, filed a complaint against the Abernathys "d/b/a Grating Fabricators." Grating Fabricators was later added as a separate defendant due to its corporate reinstatement.

The Abernathys filed a CR 12(b)(6) motion to dismiss all claims against them in their individual capacity. On March 19, 2021, the trial court denied the motion on the basis that Alaska Cascade could hypothetically prove that the Abernathys knew of the corporate dissolution and could thus be individually liable.

On October 4, 2021, the defendants collectively filed a motion to dismiss pursuant to CR 41(b) claiming a failure to prosecute and a failure to comply with the scheduling order. The trial court denied the motion on October 15, 2021 and continued the trial date.

On December 16, 2021, the Abernathys filed a motion for partial summary judgment requesting that the trial court dismiss them from the suit and award them attorney fees. On January 18, 2022, the trial court granted the motion for

2

summary judgment, dismissing all claims against the Abernathys with prejudice. However, the court denied the request for attorney fees, as the Abernathys had not identified a basis for a fee award. The Abernathys subsequently filed a motion for attorney fees, identifying both the contract with Seaport Steel and RCW 4.84.250 as a basis for an award of fees. On February 4, 2022, the trial court denied the motion, ruling that the Abernathys were not a party to the contract and had not pleaded any damages. The Abernathys filed a motion for reconsideration.

The matter was reassigned from Judge Schubert to Judge Vargas on March 28, 2022. The Abernathys submitted a second motion for reconsideration, no order having been entered on their previous motion. Grating Fabricators[2] also filed a second motion to dismiss pursuant to CR 41(b), on the basis that Alaska Cascade had not complied with the case schedule. The trial court denied Grating Fabricators' motion to dismiss. The trial court also denied the Abernathys' motion for reconsideration, as the prior order had been entered by a different judge.

The Abernathys then filed a renewed motion for attorney fees. A stipulated judgment was entered against Grating Fabricators on June 29, 2022. The trial court denied the Abernathys' renewed motion for attorney fees on July 5, 2022. The Abernathys then filed the same motion and noted it to be heard by

---

[2] The motion was titled as having been filed by all defendants; however, all claims against the Abernathys had already been dismissed at the time of filing.

the chief civil judge. This motion was denied as not having been noted to the judge assigned to the case.

The appellants filed their notice of appeal on August 3, 2022.

II

Alaska Cascade contends that the only orders this court may review on appeal are the July 2022 orders denying the Abernathys' renewed motions for attorney fees. This is so, Alaska Cascade asserts, because the appeal is untimely as to all other orders. We agree.

Pursuant to RAP 5.2(a), "a notice of appeal must be filed in the trial court within . . . 30 days after the entry of the decision of the trial court that the party filing the notice wants reviewed." RAP 2.4(b) provides, in relevant part:

> A timely notice of appeal of a trial court decision relating to attorney fees and costs does not bring up for review a decision previously entered in the action that is otherwise appealable under rule 2.2(a) unless a timely notice of appeal has been filed to seek review of the previous decision.

Thus, "[a]n appeal from an award of attorney fees does not bring up for review the merits of the underlying . . . decision." Bushong v. Wilsbach, 151 Wn. App. 373, 376, 213 P.3d 42 (2009).

In this matter, the trial court entered two orders that were appealable pursuant to RAP 2.2(a): the order granting summary judgment dismissing all claims against the Abernathys and the stipulated judgment against Grating Fabricators. The former order was entered on January 18, 2022; the latter was entered on June 29, 2022. The appellants did not file a notice of appeal until August 3, 2022. As the notice of appeal was not filed within 30 days of either

final order, the appellants' appeal does not bring the merits of the underlying action up for review in this court. Accordingly, we dismiss the appellants' appeal as it pertains to the denials of their various motions to dismiss.

III

The Abernathys additionally assert that the trial court erred by denying their request for an award of attorney fees. This is so, they contend, because they were entitled to an award of fees both pursuant to RCW 4.84.250 and pursuant to the terms of the contract between Grating Fabricators and Seaport Steel. However, the only timely appealed order denying the Abernathys' request for fees was the one entered on July 5, 2022.[3] That order denied the Abernathys' renewed motion for attorney fees as being procedurally improper. We agree that the motion was indeed procedurally improper pursuant to the local court rules and accordingly hold that the trial court did not err.

As we have previously held,

> [w]here the issue is the interpretation of a local rule by the trial court, that court is the best exponent of its own rules, and their use will not be disturbed by an appellate court unless the construction placed thereon is clearly wrong or an injustice has been done.

Snyder v. State, 19 Wn. App. 631, 637, 577 P.2d 160 (1978). Judge Vargas first denied the Abernathys' renewed request for attorney fees as not having been properly brought pursuant to King County Local Civil Rule (KCLCR) 7(7). KCLCR 7(7) states:

---

[3] The order entered on August 1, 2022 by the chief civil judge was not designated in the notice of appeal. Time has long passed for an appeal to be taken from that order.

> No party shall remake the same motion to a different judge or commissioner without showing by declaration the motion previously made, when and to which judge or commissioner, what the order or decision was, and any new facts or other circumstances that would justify seeking a different ruling from another judge or commissioner.

In the July 5, 2022 order, Judge Vargas determined that the Abernathys' motion did not comply with this rule, as the Abernathys did not submit anything that demonstrated "any new facts or other circumstances that would justify this Court to enter different rulings from those entered by Judge Schubert on January 18, 2022 and February 4, 2022."

Based on the record, we cannot say that the trial court improperly construed the local rule or that any injustice has occurred. The Abernathys had a remedy in filing a timely appeal of the orders entered on January 18, 2022 and February 4, 2022. Their decision not to do so does not amount to an injustice. We thus hold that the trial court did not err by denying the Abernathys' motion as being procedurally improper.

Affirmed.

_____
Dwyer, J.

WE CONCUR:

_____      _____
Chung, J.                                               Mann, J.